MR. JUSTICE LEE
delivered the opinion of the Court.
Pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-509, appellant seeks relief from a ten-to-twelve year sentence to the state penitentiary. We decline to grant him relief and therefore affirm the judgment.
In November of 1973, in criminal action No. 19589 in the El Paso County district court, an information was filed charging appellant with felony theft, conspiracy to commit theft, aggravated robbery, conspiracy to commit aggravated robbery, and possession of an illegal weapon.
A second information was filed against appellant in criminal action No. 19617, charging appellant with first-degree burglary, two counts of second-degree burglary, three counts of felony theft, and conspiracy to commit second-degree burglary and felony theft.
As a result of plea bargaining, all charges against appellant in No. 19589 were dropped except that of aggravated robbery; all charges in No. 19617 were dropped except one count of second-degree burglary.
The two actions were consolidated for sentencing purposes and, after a providency hearing, the court in 19589 sentenced appellant to a term of not less than ten nor more than twelve years in the state penitentiary on the charge of aggravated robbery; and in 19617 the court sentenced appellant on the burglary count to an indeterminate sentence not to exceed ten years in the penitentiary, to run concurrently with the sentence imposed on the robbery charge.
*126 The facts giving rise to the robbery conviction are that on October 30, 1973, appellant and a confederate, who was armed with a gun, forcibly robbed an elderly couple, Clinton Buchner and Belle Buchner, in their home; stealing from them many items of personal property, including guns, silverware, jewelry and cameras. During the course of the robbery, appellant’s confederate physically abused Clinton Buchner by kicking and stomping him while he was forced to lie on the floor. Appellant stood by and observed the brutality but made no protest or attempt to intercede. Most of theitems of stolen property were later found in appellant’s apartment.
As to the burglary charge, the record shows that it occurred on October 13, 1973. Appellant and the same confederate were in the act of committing a burglary when the owner of the premises, Sam Marquart, returned to his home. Marquart, also an elderly man, was at gunpoint made to lie on the floor in his house. He was struck at least two times on the head with a gun and his eyeglasses were destroyed. Money was stolen from his purse.
These convictions were appellant’s first. In his application for probation, his social history indicated that he was the product of a broken home and that he was a drug abuser, having commenced using drugs when he was thirteen years old. He dropped out of high school and joined the army, where his drug use expanded and included heroin. At the time of the offense he contended he was drunk. The probation report recommended a penitentiary sentence.
The record before the court also included a psychological evaluation by the clinical psychologist of the El Paso County Department of Adult Forensic Services. This report concluded that appellant needed “longer term therapy within a highly structured setting” and recommended that appellant be sentenced to the state reformatory with an institutional transfer to the Colorado State Hospital at Pueblo for “intensive therapy on a longer term basis.”
At the time of sentencing, appellant was twenty years of age. At the conclusion of the providency hearing, the court indicated it had read the probation report and was in agreement with the recommendation, stating that if any psychological testing and *127 further treatment was deemed necessary the warden of the state penitentiary could by executive order cause appellant to be transferred to Colorado State Hospital. The court thereupon sentenced appellant to the concurrent terms in the state penitentiary.
Appellant’s main complaint is that in view of his age he should have been sentenced to the state reformatory where his chances of rehabilitation would be greater than at the state penitentiary. He argues that the great majority of offenders of his age who have committed the crime of robbery are sentenced to the reformatory rather than to the state penitentiary. The choice of place of confinement is within the sound discretion of the court, just as is the length of term of imprisonment. In view of the seriousness of the offenses of which appellant was convicted, we cannot say the court abused its discretion in directing that confinement be served in the penitentiary rather than the reformatory. The length of sentence was well within the statutory limits authorized for a class 3 felony, of not less than five nor more than forty years. 1971 Perm. Supp., C.R.S. 1963, 40-1-105.
Without detailing appellant’s argument for granting relief from the sentence, we find those contentions to be unsupported by the record, which demonstrates that the court was not arbitrary in imposing sentence, but acted deliberately upon professional advice and counsel. We find nothing in the record to support a claim that the court did not act in good faith in exercising its judgment in this matter. People v. Carter, 186 Colo. 391, 527 P.2d 875.
The judgment is affirmed.