**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Steven L. COHEN, Defendant–Appellant.**

**No. 79SA317.**

Supreme Court of Colorado, En Banc.

Oct. 20, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Norman R. Mueller, Deputy State Public Defender, Denver, for defendant–appellant.

QUINN, Justice.

The defendant, Steven L. Cohen, appeals his sentence to a term of twenty to twenty–five years for second degree burglary of a dwelling as excessive. We reverse and remand.

The defendant originally was charged in a seven–count indictment with one count of second degree burglary of a dwelling, section 18–4–203, C.R.S. 1973 (now in 1978 Repl.Vol. 8); two counts of assault in the second degree by means of a deadly weapon, section 18–3–203(1)(b), C.R.S. 1973 (1978 Repl.Vol. 8); one count of felony menacing, section 18–3–206, C.R.S. 1973 (1978 Repl. Vol. 8); one count of assault in the third degree, section 18–3–204, C.R.S. 1973 (1978 Repl.Vol. 8); one count of attempt to commit aggravated robbery, sections 18–2–101 and 18–4–302, C.R.S. 1973 (1978 Repl.Vol. 8); and one count of conspiracy to commit aggravated robbery and second degree burglary, sections 18–2–201 and 18–2–206, C.R.S. 1973 (1978 Repl.Vol. 8). The defendant entered a plea of guilty to second degree burglary of a dwelling and the remaining counts were dismissed. The crime to which the defendant pled guilty was a class three felony and carried a penalty of five to forty years. Section 18–1–105, C.R.S. 1973 (1978 Repl.Vol. 8).

At the pre–sentence hearing on February 9, 1977, the sentencing judge had the benefit of a comprehensive pre–sentence report and a psychological evaluation of the defendant. The court stated that it was imposing a lengthy sentence due to the extremely violent nature of the offense.

The facts are not disputed. On July 7, 1976, the defendant and four others entered a home occupied by a married couple and their twelve–year old son. The burglars gained entrance by two separate doors. Once inside, the defendant stood at a doorway with a gun while his accomplices moved freely about the house and threatened the three occupants. The adult couple offered resistance, a struggle ensued, and eventually the husband gained access to a shotgun. The burglars at this time fled the residence but not before one of them was shot and wounded. The wounded burglar was arrested and ultimately the defendant and his accomplices were taken into custody.

The defendant argues that his sentence is intrinsically unfair. He does not dispute the propriety of a sentence for a term of years to a correctional facility; rather, he contests the length of that sentence. We find it unnecessary to address all his contentions in this respect, as we conclude that under the totality of circumstances in this case the minimum term of twenty years is excessive.

■■ In an appellate review of a sentence, a claim of excessiveness generally requires a consideration of the nature of the offense, the character of the offender, and the public interest in safety and deterrence. E. g., *People v. Scott*, Colo., 615 P.2d 35 (1980); *People v. Warren*, Colo., 612 P.2d 1124 (1980); *People v. Malacara*, Colo., 606 P.2d 1300 (1980); *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975). Sentencing involves an exercise in judicial discretion and, accordingly, a sentencing judge has wide latitude in arriving at a final decision. E. g., *People v. Warren, supra* ; *Triggs v. People, supra* ; *People v. Duran, supra*. However, where a sentence is imposed for an extended term, the record must clearly justify the action of the sentencing judge. E. g., *People v. Watkins*, Colo., 613 P.2d 633 (1980); *People v. Warren, supra*. In such a case, "[t]he trial judge must balance the many facets which enter into a sentencing decision to achieve a result which protects the rights of society and the defendant. The sentencing decision requires that each factor before the

court be weighed without maximizing the value of any one facet of the case." *People v. Duran*, 188 Colo. at 213, 533 P.2d at 1119.

In this case the record, while supportive of a sentence for a term to a correctional facility, does not support a minimum term of twenty years. Included among the basic purposes of the Colorado Criminal Code is the prescription of penalties "which are proportionate to the seriousness of offenses, and which permit recognition of differences in rehabilitation possibilities as between individual offenders." Section 18–1–102(1)(c), C.R.S. 1973 (1978 Repl.Vol. 8). The record does not show what consideration, if any, the sentencing judge gave to the rehabilitative interests of the defendant in imposing sentence.

■ Admittedly, the nature of the offense in this case was aggravated. The victims were placed in great fear by the actions of the defendant and his accomplices. Fortunately, however, the extent of bodily injury inflicted on them consisted of minor bruises incurred in the course of events surrounding the scuffle. There is no evidence that the defendant engaged in any physical exchange with the victims. In fact, the defendant was extremely intoxicated during the offense, having consumed a significant amount of alcohol and drugs prior to the burglary. Thus, while the nature of the offense justifies the imposition of a sentence for a term of years, punishment should not have been the exclusive consideration of the sentencing judge. That punishment was the exclusive consideration is apparent from the minimal spread between the low term of twenty and the high of twenty–five years. *See ABA Standards Relating to Sentencing Alternatives and Procedures*, Standard 18–4.3(c), Commentary (1980).

The record does not reflect that the character of the defendant was that of an incorrigible recidivist. He was twenty–four years old when sentenced and had no prior juvenile or adult criminal record. Although he admitted to past involvement with drugs in the course of a pre–sentence interview with a probation officer, those admissions were a candid reflection on his own character deficiencies and his need for vocational training and professional counseling. Under the facts of this case the sentencing judge must address and balance the defendant's need with those of the public within the statutory sentencing scheme applicable to a class three felony.

The public interest in safety and deterrence can be accommodated by a sentence short of that imposed here. In *People v. Strong*, 190 Colo. 189, 192, 544 P.2d 966, 967–68 (1976), we made the following observation:

> "Appellant has demonstrated that he is not an apt candidate for probation, and surely should be punished. But, on the other hand, his circumstances and the past social history do not in our view require the imposition of a maximum sentence. While being punished, appellant's opportunities for rehabilitation will be enhanced by a reduction in the sentence imposed, and this, in our view, may be accomplished here without eroding the underlying societal need, that of protecting the public interest."

Giving due consideration to the nature of the offense, the character of the offender, and the public interest, section 18–1–409(1), C.R.S. 1973 (1979 Supp.), we conclude that the minimum term of twenty years under the circumstances present here is excessive.

Accordingly, the judgment is reversed and the cause remanded to the district court with directions to resentence the defendant in accordance with the views herein expressed.