The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Cline Lee SOPER, Jr.,
Defendant-Appellant.

No. 79SA531.

Supreme Court of Colorado.

April 20, 1981.

Rehearing Denied June 8, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David K. Rees, Chief, Appeals Litigation Section, Asst. Atty. Gen., Susan P. Mele Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

ROVIRA, Justice.

The defendant, Cline Lee Soper, appeals his three sentences for three felony convictions, which were ordered to be served consecutively, on the grounds that the sentencing judge abused his discretion in refusing to order the sentences to be served concurrently. He also claims that he is entitled to be resentenced under the presumptive sentencing provisions of the 1977 version of House Bill 1589.[1] We affirm.

In August 1977 the defendant was charged with three counts of second-degree burglary,[2] and in October and December 1977 he was charged with two separate

1. Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867.

2. Section 18–4–203, C.R.S.1973 (1978 Repl. Vol. 8).

counts of second-degree forgery.[3] The offenses with which he was charged all occurred within a five-month period.

Pursuant to plea negotiations, the three cases were consolidated for disposition; and in March 1978 the defendant pled guilty to one count of second-degree burglary and two counts of second-degree forgery, all class four felonies.

Under the circumstances of this case, at the time the defendant was sentenced, the statutory penalty for a class four felony was two to ten years.[4] The trial court imposed sentences of six to ten years, five to seven years, and three to six years, all to run consecutively.

## I.

The defendant argues that the trial court abused its discretion in ordering that the three sentences be served consecutively rather than concurrently and cites *People v. Edwards*, 198 Colo. 52, 598 P.2d 126 (1979), in support of his position.

In *Edwards, supra,* the three offenses for which Edwards was found guilty constituted "a single series of sales to the same undercover agent within less than three weeks." Such is not the case here. The defendant pled guilty to three separate crimes which took place over a period of five months. Also, in *Edwards* we took into account the fact that the forty-two-year-old defendant had had no prior felony convictions in ordering his three 10- to 15-year sentences to be served concurrently.

The factors that must be considered in sentencing and sentence review have been stated on numerous occasions, *see People v. Edwards, supra; Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975); and we reaffirm the views stated in those cases.

■ Here, the trial judge, at the time of sentencing, had an extensive presentence

investigation report which included psychiatric reports, an assessment by the Colorado Division of Rehabilitation, an evaluation by the Community Corrections Project, and a statement of the defendant's parole officer. In addition, the trial court knew that the defendant had an adult criminal record of two prior felony convictions for second-degree burglary and the sale of narcotics and was aware that, when the defendant had been paroled from the state reformatory, parole was later revoked.

The sentences imposed by the trial judge reflected his awareness of all of the factors which should be considered, the nature of the offenses, the prior record of the defendant, his probability of rehabilitation, his age, and the criminal justice goals of punishment, deterrence, and protection of society.

Based upon the record before us, we cannot conclude that the sentences imposed by the trial court constituted an abuse of its discretion.

## II.

■ The defendant argues that he is entitled to resentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589, which would have become effective on July 1, 1978, but for subsequent amendatory legislation postponing their effective date to April 1, 1979,[5] and later to July 1, 1979.[6] In *People v. McKenna*, Colo., 611 P.2d 574 (1980), we resolved adversely to the defendant these arguments, and we have adhered consistently to that decision. *E. g., People v. Scott*, Colo., 615 P.2d 35 (1980); *People v. Cunningham*, Colo., 614 P.2d 886 (1980).

The judgment is affirmed.

ERICKSON, DUBOFSKY and QUINN, JJ., dissent.

3. Section 18–5–103, C.R.S.1973 (1978 Repl. Vol. 8).

4. Sections 18–1–105 and 16–11–101(1)(d), C.R.S.1973 (1978 Repl. Vol. 8). The defendant had been previously convicted of two felonies within five years prior to the dates of the offenses for which he was being sentenced.

5. Colo.Sess.Laws 1978, First Extraordinary Session, ch. 1.

6. Colo.Sess.Laws 1979, ch. 157, section 25 at 672.

DUBOFSKY, Justice, dissenting:

I respectfully dissent from Part I of the majority opinion. I believe the trial court abused its discretion in imposing consecutive terms equivalent to a sentence of fourteen to twenty-three years as punishment for three class four felonies. The statutory penalty then in effect for a class four felony was one to ten years. Section 18–1–105, C.R.S. 1973 (1978 Repl.Vol. 8).[1]

On August 15, 1977, the defendant Cline Lee Soper, Jr. was charged in Larimer County District Court with three counts of second-degree burglary. On October 18, 1977, and on December 19, 1977, the district attorney filed separate informations charging the defendant with second-degree forgery. After plea negotiations, the three cases were consolidated for disposition, and on March 29, 1978, the defendant pled guilty to one count of second-degree burglary, section 18–4–203, C.R.S. 1973 (1978 Repl. Vol. 8), and two counts of second-degree forgery, section 18–5–103, C.R.S. 1973 (1978 Repl.Vol. 8), all class four felonies.

Two of the alleged second-degree burglaries involved night-time removal of small safes, one containing $250 from a dry cleaners, and the other containing $1900 from a Burger King. The burglary to which the defendant pled guilty occurred about midnight on June 28, 1977. The defendant and a friend broke into the Larimer County Social Services Building where they vandalized a cigarette machine and attempted, without success, to pry open a safe.

The defendant also pled guilty to forgeries of two checks. In July, 1977, the defendant took eighteen blank checks from a previous employer and cashed one of the checks for $176.96 at a local grocery store. In November, 1977, the defendant was arrested at the First National Bank of Fort Collins while attempting to cash one of his grandmother's checks for $300.

The defendant's criminal record includes a juvenile adjudication of delinquency for burglary, for which he served a 180-day jail sentence, and pleas of guilty as an adult to a burglary on August 30, 1974 and the sale of a narcotic drug (codeine) on September 3, 1974, for which he served fifteen months at the reformatory in Buena Vista. On March 23, 1978, his parole from the reformatory was revoked because of the pending charges in this case.

The defendant was 22 years old at the time of sentencing. Except for the time he has been imprisoned, the defendant has lived since childhood with his paternal grandmother. She testified at the sentencing hearing that she believed he could be rehabilitated. The Colorado Division of Rehabilitation's occupational assessment evaluated the defendant's intelligence as bright-normal with average skills in the areas of reading, writing and math. His record shows some abuse of marijuana, amphetamines, and alcohol.

The pre-sentence report described the result of psychiatric and psychological evaluations of the defendant in December, 1974, and March, 1975, before his sentence to the reformatory. No psychiatric evaluation was done before sentencing in this case. The parole officer who had supervised the defendant since June, 1976, described him as a "threat to the public" whose behavior was "increasingly bizarre and dangerous." The parole officer recommended that the defendant be transferred to the Colorado State Hospital for a complete psychiatric evaluation. The probation officer who prepared the pre-sentence report recommended the defendant be sentenced to three consecutive sentences of three years each.

---

1. Under the determinate sentencing law effective after the defendant here was sentenced, the presumptive penalty range for a class four felony is two to four years plus one year of parole. Section 18–1–105(1)(a), C.R.S. 1973 (1980 Supp.). If the court finds extraordinary aggravating circumstances, based on evidence in the record of the sentencing hearing and the pre-sentence report, which support a different sentence which better serves the purposes of sentencing, the court may impose a sentence which is greater than the presumptive range, except that in no case shall the term of sentence be greater than twice the maximum authorized in the presumptive range for the punishment of the offense. Section 18–1–105(6), C.R.S. 1973 (1980 Supp.).

The trial court considered the pre-sentence report, the defendant's statement that he wanted to stay at the reformatory where he was seeing a psychiatrist and could receive vocational training, and the defense counsel's statement that the defendant had not committed any crimes of violence. In imposing sentence, the trial court stated:

> "There has been a history of the Defendant of anti-social behavior patterns which may be characterized by some psychologists or psychiatrists as sociopath, which means that the property of the society has been affected as opposed to psychopath in which the individuals, themselves, have been affected .... His sanity, social, and behavior pattern shows he has no acceptable values of society today. He is intelligent, but does not learn from experience, at least from painful experience. He shows no feeling of guilt or responsibility for his acts. Therefore, the Court must incarcerate the Defendant to protect society."

The court then sentenced the defendant to imprisonment at the penitentiary for a term of not less than six nor more than ten years for second-degree burglary, not less than five nor more than seven years for the forgery of his previous employer's check, and not less than three nor more than six years for the forgery of his grandmother's check, all sentences to be served consecutively.[2]

The diagnostic summary prepared when the defendant arrived at the penitentiary set his first parole eligibility date as six years and seven months from August 9, 1978, and the date of the summary.[3] The summary recommended incarceration in medium security, waiving the penitentiary's rule of assignment to maximum security for anyone not eligible for parole in less than six years. The diagnostic report also indicated that the defendant's emotional status was "healthy/normal" and did not recommend either mental health treatment or adjustment counseling. The report stated that the defendant "has good personality strengths and institutional records indicate that he can be housed in a Medium Security facility. After a period of close security, his classification can probably be reduced." The only negative factor was a "moderate" escape risk because of the length of the sentence. The summary concluded that the defendant could not apply for services with the Division of Rehabilitation because of the length of his sentence, and that he needed vocational skill training which the penitentiary did not have.

The defendant does not dispute the propriety of a sentence for a term of years to a correctional facility; rather, he contests the combined length of his consecutive sentences.

In appellate review of sentences, a claim of excessiveness requires a consideration of the nature of the offense, the character of the offender and the public interest in safety and deterrence. *People v. Cohen,* Colo., 617 P.2d 1205 (1980); *People v. Edwards,* 198 Colo. 52, 598 P.2d 126 (1979); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975). The trial judge has wide discretion in sentencing, but where a sentence is imposed for an extended term, the record clearly must justify the action of the sentencing judge. *People v. Cohen, supra; People v. Watkins,* Colo., 613 P.2d 633 (1980); *People v. Edwards, supra; People v. Duran, supra.* If the record does not include facts justifying imposition of a consecutive sentence, the imposition of consecutive sentences is an abuse of discretion. *People v. Edwards,*

---

**2.** The district attorney recommended six to ten year sentences for the burglary and the forgery of the employer's check and a seven to ten year sentence for the forgery of the grandmother's check, all to be served consecutively. Nothing in the record supports a sentence greater than that recommended in the pre-sentence report.

**3.** When the defendant was transferred from the reformatory to the diagnostic unit, a note written by the correctional technician at the reformatory explained: "It is the consensus of the North Wing staff that Resident Soper, Cline Lee, be allowed to remain at CSR if he so chooses ...." The defendant could not remain at the reformatory because of the length of his sentence.

*supra.*[4] *See also A. B. A. Standards Relating to Sentencing Alternatives and Procedures* § 18–4.5 (2d ed.).

The trial court here did not have any justification for the imposition of consecutive sentences. The court determined that the defendant must be incarcerated to protect society because the defendant had not learned from experience. The court apparently concluded that there was no hope for the defendant's rehabilitation and imposed a sentence which, because of its length, precludes rehabilitation. However, the sentencing decision requires that each factor before the court be weighed, without maximizing the value of any one facet of the case. *People v. Duran, supra.* The court gave no weight to rehabilitation for a twenty-two year old defendant, *People v. Cohen, supra,* and had no factual basis to support consecutive sentences. *People v. Edwards, supra.*

I would reverse the judgment of the trial court that the sentences imposed be served consecutively and order instead that all sentences be served concurrently.

I am authorized to say that ERICKSON and QUINN, JJ., join me in this dissent.

---

**4.** Edwards was convicted of three counts of selling a narcotic drug (heroin) to an undercover agent. The statutory penalty then in effect was two to fifteen years for a first offense, five to twenty years for a second offense, and ten to thirty years for a third offense. Section 12–22–322(2)(b), C.R.S. 1973 (1978 Repl.Vol. 5). The trial court sentenced Edwards to ten to fourteen years for each count. The sentences for counts one and two, based on sales within two days, were to be served concurrently. But the sentence for count three, based on a sale two and one-half weeks later, was imposed to run consecutively. We ordered the sentence for count three to be served concurrently because the record failed to support the trial court's conclusion that the defendant was beyond hope of rehabilitation and failed to set out facts justifying imposition of a consecutive sentence.