The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ralph Carmen COLASANTI, Defendant-Appellant.

No. 80SA341.

Supreme Court of Colorado, En Banc.

April 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

The defendant-appellant Colasanti appeals his sentence to a term of fifteen to twenty years in the state penitentiary for the crimes of aggravated robbery and violent crime. We affirm.

The defendant was charged with two counts of aggravated robbery, section 18-4-302, C.R.S. 1973 (1978 Repl. Vol. 8), second-degree kidnapping, section 18-3-302, C.R.S. 1973 (1978 Repl. Vol. 8), and two counts of violent crime, section 16-11-309, C.R.S. 1973 (1978 Repl. Vol. 8). He pled guilty to one count of aggravated robbery, and one count of crime of violence. The sentence for aggravated robbery, a class three felony, was five to forty years. Section 18-1-105, C.R.S. 1973 (1978 Repl. Vol. 8). A conviction of violent crime mandates a sentence to at least the minimum term of incarceration, without suspension, for the underlying offense. Section 16-11-309, C.R.S. 1973 (1978 Repl. Vol. 8). The remaining charges against the defendant were dismissed in accordance with a plea bargain.

The trial court held a sentencing hearing at which the robbery victims, Josephine and Harry Yakel, testified. Mrs. Yakel stated that at approximately 1:00 a. m. on December 10, 1977, the defendant came to the door of their home. She opened the door and the defendant requested assistance, stating his car had stalled. Once inside the Yakel home, the defendant drew a gun. He asked Mrs. Yakel if she was alone and she replied that her husband was in bed asleep. Her husband was awakened by the defendant who held a gun to his head. The defendant then took some coats from a closet and money from Mr. Yakel's billfold. The defendant forced Mrs. Yakel and her husband to accompany him as hostages to facilitate the robbery of a grocery store. Mrs. Yakel was forced to drive the Yakel's car to a grocery store. The defendant noticed a police car in the parking lot and told her not to stop. They proceeded on to a donut shop where the defendant made Mrs. Yakel accompany him into the shop where he robbed the employee at gunpoint. Afterward, the defendant directed Mrs. Yakel to drive to an apartment house where the Yakels were released. Mrs. Yakel testified that during this time she was in constant fear that the defendant was going to shoot both her and her husband.

The defendant's family and personal history, including psychiatric reports, were presented to the trial court during the sentencing hearing. The trial court was also informed of the defendant's several head injuries, his drug and alcohol dependence, his two unsuccessful marriages, and his attempted suicides. His prior criminal record,

including two prior felony convictions, the times he has been confined in various detention centers, and his parole violations, were also before the trial court. A psychiatrist testified that the defendant was suffering from organic brain damage, probably caused by chronic heavy drug use and several severe head injuries. He described a cardinal symptom of this brain dysfunction as the defendant's almost compulsive intentional aggressive activity which appeared confused, random, impulsive, and quite loosely structured. The psychiatrist suggested that treatment might be effective to eliminate this kind of anti-social behavior.

Based upon all this testimony, and the reports and records pertaining to the defendant, the trial court sentenced him to a term of fifteen to twenty years in the penitentiary.

## I.

██ The defendant first argues that the trial court improperly considered the charges against him which were dismissed as a result of the plea agreement and he was thereby denied due process of law. This contention is without merit.

It is apparent from the record that the trial court properly considered all of the surrounding facts of the robbery to which the defendant pled guilty. In sentencing, a trial court must always consider, *inter alia*, the nature of the offense. *E. g., People v. Cohen*, Colo., 617 P.2d 1205 (1980).

## II.

The defendant next argues that the fifteen to twenty year sentence was excessive and an abuse of the trial court's discretion. We cannot agree.

██ When reviewing sentences for excessiveness, an appellate court must consider, in addition to the nature of the offense, the character of the offender and the public interest in safety and deterrence. *People v. Trujillo*, Colo., —— P.2d —— (Supreme Court No. 79SA372, announced April 13, 1981); *People v. Cohen, supra; People v. Scott*, Colo., 615 P.2d 35 (1980);

*People v. Warren*, Colo., 612 P.2d 1124 (1980); *People v. Naranjo*, Colo., 612 P.2d 1099 (1980); *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Strong*, 190 Colo. 189, 544 P.2d 966 (1976); *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975). Sentencing involves an exercise of judicial discretion. " '[T]he trial judge must balance the many facets which enter into a sentencing decision to achieve a result which protects the rights of society and the defendant . . . .' " *People v. Cohen, supra*. The sentencing judge has wide latitude in arriving at his final decision. *E. g., People v. Trujillo, supra; People v. Cohen, supra; People v. Cunningham*, Colo., 614 P.2d 886 (1980); *Triggs v. People, supra; People v. Duran, supra*. A sentence for an extended term, as in this case, must be clearly justified by the record. *See ABA Standards Relating to Sentencing Alternatives and Procedures*, Standard 18–4, 3(b)(iii) (1980); *People v. Cohen, supra; People v. Scott, supra; People v. Watkins*, Colo., 613 P.2d 633 (1980); *People v. Warren, supra*.

██ The trial court considered the character of the defendant as a recidivist. The defendant was twenty-eight years old at the time he committed the offenses for which he was sentenced. Prior thereto, as an adult, he had been convicted of two other felonies, namely armed robbery and assault with a deadly weapon, which stemmed from two separate incidents. The defendant also had been involved in a robbery as a minor, being convicted and sentenced to a California juvenile detention center. The defendant violated the conditions of his parole on two separate occasions.

Defense counsel's arguments that the trial court failed to adequately consider the likelihood of the defendant's rehabilitation are not persuasive. The record here demonstrates that the trial court had before it voluminous information and facts from which conclusions regarding the likelihood of rehabilitation could be made. This record clearly is supportive of a conclusion that the defendant's potential for rehabilitation would be improbable.

Giving due consideration to the nature of the offense, the character of the offender, and the public interest, we cannot conclude that the sentence imposed was excessive, or that the trial court abused its discretion in sentencing the defendant.

### III.

The defendant argues that he is entitled to be resentenced under the 1977 version of the amendatory legislation of H.B. 1589, Colo.Sess.Laws 1977, ch. 216 at 867, or the 1979 version of H.B. 1589 (now codified in section 18–1–105, C.R.S. 1973 (1980 Supp. to 1978 Repl. Vol. 8)). Specifically, the defendant argues that the governor usurped a legislative power in his call for a special session of the General Assembly in order to delay the effective date of the 1977 version of H.B. 1589, and additionally, section 25 of the 1979 version of H.B. 1589 infringes on this court's rule-making authority and is therefore unconstitutional. These arguments were resolved adversely to the defendant in *People v. McKenna*, Colo., 611 P.2d 574 (1974). We have consistently adhered to that decision. *E. g., People v. Trujillo, supra; Tacorante v. People*, Colo., 624 P.2d 1324 (Supreme Court No. 80SC107, announced March 2, 1981); *People v. Lopez*, Colo., 624 P.2d 1301 (Supreme Court No. 79SA505, announced January 19, 1981); *People v. Scott, supra; People v. Cunningham, supra; People v. Cameron*, Colo., 613 P.2d 1312 (1980); *People v. Triggs*, Colo., 613 P.2d 317 (1980); *People v. Warren, supra.*

The judgment is affirmed.