The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Melchor TIJERINA,
Defendant-Appellant.

No. 79SA511.

Supreme Court of Colorado,
En Banc.

Aug. 4, 1981.

Rehearing Denied Aug. 24, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

The defendant-appellant challenges his sentence to the state penitentiary as unduly harsh and excessive. We affirm the sentence.

The defendant was charged with first-degree assault after the following incident. On August 16, 1978, he approached a woman as she was emptying trash, and struck her on the back of the head with a blunt instrument, apparently a piece of wood. The woman turned and recognized the defendant. She screamed and the defendant ran from the scene. The record indicates that the defendant was intoxicated, had ingested L.S.D., and was under the influence of marijuana.

As a result of a plea agreement, the first-degree assault charge was reduced to a second-degree assault charge to which the defendant pled guilty. As a part of the plea agreement, the defendant admitted a violation of probation which had been granted in a previous conviction of second-degree burglary in November 1977. The latter conviction resulted from a plea agreement in which the defendant pled guilty to second-degree burglary. Pursuant to the

plea agreement, the prosecution dismissed several other charges pending against the defendant. The dismissed charges were for first-degree criminal trespass, second-degree burglary, and criminal attempt in conjunction with two independent episodes in which the defendant allegedly broke into different homes and contacted female occupants.

The probation department's presentence report indicated that in addition to his prior felony conviction the defendant, as a juvenile, had twice encountered the criminal justice system, once resulting in a two-year supervised probation period which he successfully completed in July 1973. Two years later, the defendant was charged with attempted rape and first-degree assault, but these charges were dismissed without prejudice.

The presentence report noted that the defendant had repeatedly become involved in assault related incidents with definite sexual overtones and concluded that he was a dangerous individual for whom probation would be inappropriate. The probation department recommended that the defendant be sentenced for a period exceeding the determinate sentence minimum of two years, and that he receive a moderate sentence.

Because of the defendant's prior felony conviction within five years of the present conviction, the sentence provided for by law is two to ten years imprisonment. *See* sections 18–3–203, C.R.S. 1973 (now in 1978 Repl. Vol. 8); 18–1–105(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8); 16–11–101(1)(d), C.R.S. 1973 (now in 1978 Repl. Vol. 8). The trial court sentenced the defendant to a term of nine to ten years, to be served concurrently with the sentence of nine to ten years imposed after the probation violation. Credit for presentence confinement of 103 days was granted.

In imposing this sentence, the trial court noted that the defendant could not have struck the victim much harder without causing permanent damage or death. The trial court also recalled that it had placed the defendant on probation nine months earlier concerning a similar incident, and noted defendant's failure to complete a vocational and educational program he had been required to participate in as a condition of his probation.

The defendant argues that the trial court's sentence of nine to ten years was unduly harsh and excessive in light of his prior record and the probation department's presentence report recommending a "moderate sentence."[1] We disagree.

By its nature, sentencing involves a discretionary determination of a proper sentence in each fact situation in the case before the court. *See People v. Cohen*, Colo., 617 P.2d 1205 (1980); *People v. Scott*, Colo., 615 P.2d 35 (1980). The sentencing judge must make an independent decision regarding an appropriate sentence and is not bound by a presentence recommendation of the probation department. *Smith v. People*, 162 Colo. 558, 428 P.2d 69 (1967). Broad deference is given a sentencing judge's final decision. *See generally Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979). Where a sentence is imposed for an extended term, however, there must be sound reasons in the record supporting the sentence. *E.g., People v. Cohen, supra; People v. Strong*, 190 Colo. 189, 544 P.2d 966 (1976); *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975). In reviewing a sentence claimed to be excessive, an appellate court must consider the nature of the offense, the character of the offender, and the public interest in safety and deterrence. *See, e.g., People v. Cohen, supra; People v. Scott, supra.*

The defendant's prior criminal record and history show him to be a recidivist

1. The defendant also argues that he was entitled to be resentenced under the amendatory legislation of H.B. 1589. The arguments raised by the defendant have been often rejected by this court and have no merit. *See People v.*

*McKenna*, Colo., 611 P.2d 574 (1980). *See also People v. Francis*, Colo., 630 P.2d 82 (1981) and *Tacorante v. People*, Colo., 624 P.2d 1324 (1981).

unlikely to benefit from non-custodial rehabilitation efforts. The defendant had twice been granted probation before this incident. During the latter instance of the defendant's probation, he violated the terms of his probation by, *inter alia*, committing the offense which is the subject of this action, and he was characterized as a "dangerous individual" in the probation report.

The offense the defendant committed was of a serious nature. Without apparent cause, the defendant struck a helpless and unsuspecting woman on the head with a blunt instrument. It is fortunate that the victim's death did not result.

In consideration of the character of the offender, his demonstrated recidivism, and the serious nature of the offense, we cannot conclude that the sentence the trial court imposed was excessive or unduly harsh. Accordingly, the judgment of the trial court is affirmed.

