The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jeffrey R. CISNEROS, Defendant-Appellant.

No. 86CA0438.

Colorado Court of Appeals, Div. I.

May 28, 1987.

Rehearing Denied July 16, 1987.

Certiorari Denied (Cisneros) Oct. 19, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia A. Savage, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Philip A. Cherner, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Jeffrey Cisneros, appeals his sentence of three years imposed by the trial court pursuant to a guilty plea of attempted robbery. We affirm.

The only issue before us is whether a trial court may properly consider an adult's juvenile history as a factor when imposing a sentence within the presumptive range.

In determining the appropriate sentence, a trial court may conduct a broad inquiry, largely unlimited as to the kinds of information it may consider. *People v. Graham*, 678 P.2d 1043 (Colo.App.1983), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2660, 81 L.Ed.2d 366 (1984). Section 18–1–105(1)(b)(I), C.R.S. (1986 Repl. Vol. 8A) provides that:

"In imposing the sentence within the presumptive range, the court shall consider the nature and elements of the offense, the character and record of the offender, and all aggravating or mitigating circumstances surrounding the offense and the offender. The prediction of the potential for future criminality by a particular defendant, unless based on prior criminal conduct, shall not be considered in determining the length of sentence to be imposed."

Thus, the governing statute specifically directs the trial court to consider the character of the offender. Therefore, because one's juvenile history is an indication of character, it is a proper consideration in determining an appropriate sentence. *See People v. Colasanti*, 626 P.2d 1136 (Colo. 1981).

Contrary to defendant's contention, § 19–1–109(2), C.R.S., in effect at the time of his conviction, did not preclude the trial court from considering defendant's juvenile record for sentencing purposes. That statute prohibits any adjudication, disposition,

or evidence presented in a juvenile proceeding from being admissible "against a child" in a subsequent criminal proceeding. We hold that prohibition applies only to criminal proceedings instituted while the subject is still a child.

To interpret this statute otherwise would place a convicted offender facing his initial sentencing as an adult in the position of starting out as an adult with a clean slate as if pardoned of all prior violations of the law. We do not understand this to be the legislative intent. While the purpose of the Children's Code is to permit minor offenders to reform, it does not specify that those who have failed to do so should receive a reward of complete amnesty merely by becoming an adult.

Furthermore, while it has not discussed this particular statutory provision, our supreme court has consistently allowed the use of juvenile records as a factor in the sentencing of adults. *See People v. Abbott,* 690 P.2d 1263 (Colo.1984); *People v. Colasanti, supra.*

Here, the criminal proceeding was commenced after the defendant became an adult; hence, § 19–1–109(2), C.R.S. in no way alters the application of § 18–1–105(1)(b)(I) to the present case. Thus, because § 18–1–105(1)(b)(I) does not preclude the consideration of a defendant's juvenile history for sentencing purposes, the trial court correctly considered that history in reaching its sentencing decision.

Sentence affirmed.

KELLY and METZGER, JJ., concur.