20CA1487 & 20CA1488 Peo v Sikorsky 01-27-2022 COLORADO COURT OF APPEALS Court of Appeals Nos. 20CA1487 & 20CA1488 Summit County District Court Nos. 19CR189 & 20CR53 Honorable Mark D. Thompson, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Craig R. Sikorsky, Defendant-Appellant. SENTENCES AFFIRMED Division VII Opinion by JUDGE BERGER Brown and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 27, 2022 Philip J. Weiser, Attorney General, Ellen Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Albani Law LLC, Peter B. Albani, Denver, Colorado; Richard L. Ott P.C., Richard L. Ott, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 In this consolidated sentencing appeal, defendant, Craig R. Sikorsky, appeals his consecutive sentences of twelve and six years in the custody of the Department of Corrections (DOC). We affirm the sentences. I. Background ¶ 2 Sikorsky was a neighbor to twelve-year-old C.B. C.B. reported that Sikorsky had approached him and asked if he would like a job walking Sikorsky’s dogs. C.B. agreed. Each of the approximately seven times C.B. walked Sikorsky’s dogs, Sikorsky “smacked [his] rear” as he left with the dogs. After the final walk, Sikorsky invited C.B. into his home and put his mouth on C.B.’s penis for four or five minutes. C.B. immediately told his father about the incident, and a sexual assault examination revealed Sikorsky’s DNA on C.B.’s penis. ¶ 3 The prosecution charged Sikorsky with one count of sexual assault on a child by one in a position of trust, one count of sexual assault on a child, one count of enticement of a child, and one count of unlawful sexual contact. Sikorsky admitted to sexually assaulting C.B., and he pleaded guilty to an added count of sexual exploitation of a child, a class 4 felony punishable by one to twelve 
2 years in the DOC, in exchange for dismissal of the original four counts.
1 See § 18-6-403(3)(b), (5), C.R.S. 2021; see also § 18-1.3-
401(1)(a)(V)(A.1), (6), C.R.S. 2021. The district court ordered a presentence investigation report (PSI), and it agreed to accept the defense’s private sex offense specific evaluation (SOSE). ¶ 4 Before sentencing, two other victims surfaced after reading a news article about the case. R.C. alleged that on multiple occasions in 1995, his neighbor Sikorsky joined him and another boy, C.J., on his trampoline and purposely grabbed and touched the boys’ genitals over their clothes when they were jumping. The boys were about eleven years old at the time. C.J. confirmed this account, and he added that the assaults had “had adverse effects on [his] life.” According to C.J., Sikorsky moved away after R.C.’s father confronted him about this conduct. ¶ 5 The prosecution charged Sikorsky with two counts of sexual assault on a child as a pattern of abuse — one count each for R.C. and C.J. Sikorsky admitted the crimes reported by R.C. and C.J. 1 This was the range available to the court with mitigating and aggravating factors present. § 18-1.3-401(1)(a)(V)(A.1), (6), C.R.S. 2021. In the absence of such factors, the presumptive range was two to six years. § 18-1.3-401(1)(a)(V)(A.1). 
3 (although he claimed that the year was 1998), and he pleaded guilty to one count of attempted sexual assault on a child, a class 5 felony punishable by a term of imprisonment between six months and six years, in exchange for dismissal of the pattern charges.
2 See § 18-3-405(1), C.R.S. 2021; § 18-2-101(4), C.R.S. 2021; see also § 18-1.3-401(1)(a)(V)(A.1), (6). ¶ 6 The district court ordered an updated PSI and SOSE. The updated PSI, following the updated SOSE, assessed Sikorsky to be a low risk for recidivism. Nevertheless, in light of the lasting impacts on Sikorsky’s multiple victims, his repeated offenses, and the danger he posed to the community, the PSI recommended concurrent DOC sentences of six years for the crime against C.B. and three years for the crime against R.C. and C.J. — the top of the range for each offense in the absence of any aggravating factors. ¶ 7 At a joint sentencing hearing for the two cases, the district court sentenced Sikorsky to consecutive, aggravated range prison 2 As with the charges stemming from the incident with C.B., this was the range with mitigating and aggravating factors present. § 18-1.3-401(1)(a)(V)(A.1), (6). In the absence of such factors, the presumptive range was one to three years. § 18-1.3-401(1)(a)(V)(A.1). 
4 terms of twelve and six years — the maximum terms of imprisonment for each crime. On appeal, Sikorsky contends that (1) there was insufficient information in the record and inadequate findings by the court to support his consecutive, aggravated range sentences and (2) the district court abused its discretion by “disregarding” the expert opinions in the updated PSI and SOSE. We disagree. II. Aggravated Sentencing Was Proper A. Standard of Review and Relevant Law ¶ 8 A district court has broad discretion over sentencing decisions, including whether to impose concurrent or consecutive sentences when a defendant is convicted of multiple offenses; a sentence will not be overturned absent a clear abuse of that discretion. Lopez v. People, 113 P.3d 713, 720 (Colo. 2005); see Juhl v. People, 172 P.3d 896, 899 (Colo. 2007). A sentence must be manifestly arbitrary, unreasonable, unfair, or contrary to law to constitute an abuse of discretion. People v. Koehler, 30 P.3d 694, 697-98 (Colo. App. 2000). ¶ 9 Section 18-1.3-401(6) authorizes a district court to impose sentences within the aggravated range if it concludes that 
5 extraordinary aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the PSI, and support a different sentence. Before sentencing outside the presumptive range, “the court shall make specific findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence.” § 18-1.3-401(7); see Lopez, 113 P.3d at 725. ¶ 10 As relevant here, an aggravated range sentence may be based on facts admitted by the defendant. Lopez, 113 P.3d at 719; see Blakely v. Washington, 542 U.S. 296 (2004). Only one legitimate factor is required to justify a sentence in the aggravated range. Lopez, 113 P.3d at 731.
3 B. Sentencing Hearing ¶ 11 At sentencing, C.B.’s parents testified that C.B. had difficulty sleeping and continued to have fears of adult males that negatively 3 Sikorsky does not contend on appeal that the aggravated sentence violates Blakely v. Washington, 542 U.S. 296 (2004), or Apprendi v. New Jersey, 530 U.S. 466 (2000). 
6 impacted many aspects of his life. R.C. and C.J. also testified; R.C. requested the maximum sentence. ¶ 12 The prosecution argued that the updated SOSE was unreliable and asked for the maximum allowable sentences of twelve and six years — a cumulative term of eighteen years in the DOC. Defense counsel asked the court to sentence Sikorsky to concurrent DOC terms of three years and eighteen months. ¶ 13 In sentencing Sikorsky to the maximum term of imprisonment, the district court considered the entire record, including the parties’ arguments, the victims’ statements, both PSIs, and Sikorsky’s allocution. It found the following extraordinarily aggravating circumstances: • Sikorsky’s conduct had a “lifelong adverse impact” on his victims. • The conduct underlying the original charges was substantially more serious than the offenses to which Sikorsky pleaded guilty. • The conduct was not an isolated incident. Rather, it was part of a pattern of behavior with three prepubescent male victims. 
7 • Sikorsky’s conduct preyed upon his neighbors and was a troubling violation of the public trust. ¶ 14 The court emphasized that sentencing in the aggravated range was appropriate based on the extraordinary seriousness of the admitted behavior underlying the charges — behavior which could have supported indeterminate sentencing. For these reasons, and “to ensure community safety,” the court sentenced Sikorsky to consecutive terms. C. Discussion ¶ 15 Sikorsky fails to explain why the district court’s findings are insufficient to support consecutive, aggravated range sentences. We conclude that these findings are sufficient. ¶ 16 First, consecutive sentencing was well within the district court’s discretion because Sikorsky was convicted of separate offenses, with separate victims, decades apart. See Juhl, 172 P.3d at 899. ¶ 17 Second, the district court properly considered multiple aggravating factors, including Sikorsky’s admission to conduct that supported more serious charges and demonstrated a pattern of sexual misconduct. And because Sikorsky perpetrated this 
8 misconduct on his neighbors’ children, the court viewed him as a threat to the community. We conclude that these factors justify aggravated sentences. See § 18-1.3-401(8)(c) (allowing the court to consider discretionary aggravating factors for sentencing); People v. Torrez, 2013 COA 37, ¶ 74 (“[T]he circumstances of the crime alone might justify the imposition of a particularly harsh sentence.”); see also Lopez, 113 P.3d at 719, 731. ¶ 18 We find no merit in Sikorsky’s contention that the district court abused its discretion by “disregarding” the expert opinions in the PSI and SOSE. The record demonstrates that the court considered the updated PSI and SOSE but disagreed, at least in part, with them. The updated SOSE, which is cited in the updated PSI, asserted that the original assessments of a low risk of recidivism had not changed with the inclusion of two additional victims. The reports characterized the three victims as one “cluster” of criminal activity because the 1995 crimes had not been prosecuted before the 2019 crime occurred. At sentencing, the court explained that it disagreed that conduct separated by decades of time should be characterized as a cluster, simply because Sikorsky had not been previously charged. 
9 ¶ 19 To the extent Sikorsky claims the district court must follow the recommendations of the PSI and SOSE, he is wrong. Sikorsky cites no authority, and we are not aware of any, that requires a court to agree with the PSI or to follow the recommendations of these reports. Similarly, Sikorsky cites no authority, and we are unaware of any, that elevates the SOSE above the PSI. To the contrary, “[t]he sentencing judge must make an independent decision regarding an appropriate sentence and is not bound by a presentence recommendation of the probation department.” People v. Tijerina, 632 P.2d 570, 571 (Colo. 1981). ¶ 20 Moreover, our review of the updated SOSE reveals troubling omissions. In updating the SOSE, the evaluators relied only on case reports and two phone interviews with Sikorsky, noting “we need to review more collateral and other interview.” The evaluators did not collect a statement from Sikorsky regarding his impact on the two additional victims. And most importantly, the Sexual Evaluation section was not properly updated. The first SOSE reported that “except for the contact with the victim [Sikorsky] maintained that he has not had any other same sex contact as an adult . . . [and] denied additional sexual behaviors indicative of . . . 
10 pedophilia.” The updated SOSE did not acknowledge that Sikorsky had given false statements in connection with the first SOSE but instead merely adjusted the number of victims. ¶ 21 For these reasons, we discern no abuse of discretion and affirm the sentences. III. Disposition ¶ 22 The sentences are affirmed. JUDGE BROWN and JUDGE JOHNSON concur.