THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN A. WOODS, Defendant-Appellant.

(No. 55475;

First District—December 15, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen and James J. Doherty, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Larry S. Boress, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, John A. Woods, was indicted for the crime of armed robbery. After a jury trial in the Circuit Court of Cook County, the defendant was found guilty and sentenced to the penitentiary for a term of not less than twenty nor more than forty years.

The issues on appeal are: (1) whether the trial court erred in denying defendant's motion to suppress a pre-trial identification of the defendant; (2) whether the defendant was proved guilty beyond a reasonable

doubt; and (3) whether the sentence should be reduced by this court.

On March 16, 1968, between 8:30 P.M. and 9:00 P.M., Richard Klemm, the manager of a service station in Des Plaines, had been servicing the automobile of Frank and Laura Haag. Klemm went into the station office in response to the Haags' request for a newspaper. The defendant, who was inside the station, asked Klemm for a package of cigarettes. When Klemm turned around to give him the cigarettes, defendant drew a revolver and instructed Klemm to turn over all his money. Klemm, who was facing the defendant, gave him $142.00.

Mrs. Haag observed the defendant and Klemm in the station office which has a glass front and is well lit. She saw Klemm empty his pockets to the defendant. The defendant then left the station, walked in front of the Haags' car, and looked into the car and smiled at Mrs. Haag.

Following the robbery Klemm called the police and gave them a description of the robber. He also viewed numerous photographs and observed people in a lineup but made no identification. The Haags also gave police a description and aided the police in making a composite drawing of the robber. They later identified a photograph of the defendant to be the robber.

On March 23, a police officer asked Klemm to view a man to see if he was the robber. Klemm was taken to a nearby tavern and in the kitchen picked the defendant from a group of seven or eight men. Of those men present, four were police officers in street clothes, one was the tavern owner, and one was the victim of another robbery. Klemm testified that he did not know any of those men present in the room.

The defendant complains that this pre-trial procedure by which the victim of the robbery, Richard Klemm, identified him deprived him of due process of law and should have been suppressed by the trial court. This court does not agree with his contention.

■■ The law in Illinois is clear. Where a defendant claims his pre-trial identification was so wanting in fairness as to deprive him of due process of law, he must prove that the confrontation was so unnecessarily suggestive as to be conducive to an irreparable mistaken identification. (*People v. Nelson* (1968), 40 Ill.2d 146.) The defendant falls far short of this burden.

■■ In the instant case the identification was not unnecessarily suggestive but, based upon the totality of the surrounding circumstances, well within the established guidelines. The United States Supreme Court, in determining whether such an identification was of independent origin, established the guidelines in *United States v. Wade*, 388 U.S. 218.

The court in *United States v. Wade* stated the factors to be considered to be:

"* * * the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to line-up of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, the lapse of time between the alleged act and the lineup identification."

In following these guidelines, the trial court stated:

"In this case, the evidence clearly demonstrates that Mr. Klemm observed the defendant under the lights at the gas station in his office * * * where he said the light was extremely good. He viewed numerous photographs afterwards. He rejected all of them and made no identification; observed people in a lineup and said this was not him; but when he finally saw the defendant he said that is the person. I cannot conclude from the evidence that I have heard that there is any reason to suppress the identification in this case. The law does not require it. The evidence does not require it."

■■■ The defendant also claims the evidence presented did not prove him guilty beyond a reasonable doubt. On the contrary, all of the elements of the offense of armed robbery were proven against the defendant. Three eyewitnesses, Mr. and Mrs. Haag, and Richard Klemm, positively identified Woods as the robber. He was seen taking money from Klemm in the station office. Klemm further testified the defendant also had a revolver in his possession. In light of this testimony, defendant's contention that the jury ignored the testimony as to defendant's alibi is without merit. It is the function of the trier of fact to determine the weight and credibility to be given to each witness. Although alibi witnesses were presented by the defendant, any conflicts in testimony were for the jury, as the trier of fact, to resolve. The trier of fact is not obliged to believe the alibi testimony presented by the defendant and his witnesses. *People v. Jackson* (1968), 95 Ill.App.2d 28.

■■■ The contention that the sentence imposed on the defendant is too severe is not well taken. In *People v. Taylor* (1965), 33 Ill.2d 417, the court held the sentence of the trial court should not be disturbed unless it appears the penalty constituted a gross departure from the norm for sentences for similar offenses. The statutory penalty for armed robbery is imprisonment "for any indeterminate term with a minimum of not less than 2 years." Ill. Rev. Stat. 1967, ch. 38, par. 18—2(b).

At the hearing on aggravation and mitigation, the record of the de-

fendant was shown to be: convicted in the military service and sentenced to five years for using an automobile without consent in 1944; in 1952, convicted and sentenced to thirty-five days for larceny and bad checks; in 1952, convicted of murder and robbery, sentenced to fourteen to twenty years; in 1961, convicted and sentenced to six months for contributing to the delinquency of a minor; in 1963, a parole violation; in 1965, convicted of resisting arrest and disorderly conduct and sentenced to thirty days; in 1966, convicted and sentenced to one to two years for unlawful use of a weapon.

The sentence imposed in this case is within the statutory limits prescribed for the offense of armed robbery and a review of the record demonstrates the judge imposed a proper sentence.

For the reasons stated herein, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.