## No. 26071

### The People of the State of Colorado v. Henry Lawrence Alvarez

(530 P.2d 506)

Decided January 13, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant, Henry Lawrence Alvarez, was convicted of aggravated robbery in violation of 1971 Perm. Supp., C.R.S. 1963, 40-4-302, and sentenced to a term of not less than seventeen years nor more than twenty-five years in the state penitentiary. Alvarez contends here that the trial judge erred in not permitting his counsel to read from a law review article during final argument and claims that his seventeen to twenty-five year sentence is excessive. We find no merit in defendant's contentions and, therefore, affirm.

I.

The jury found the defendant guilty of the July 31, 1972 rob-

bery of the Hart Jewelry Store in Lakewood. The owner of the store, Mr. Aubrey A. Hart, Jr., testified at trial that the defendant and another man robbed his store at gunpoint of over $13,000 worth of jewelry and cash. The defendant did not call any witnesses in his defense, but the defense did establish that Mr. Hart had only a brief look at the robber identified as Alvarez before being ordered to lie face down on the floor. Therefore, the main issue at trial was whether Mr. Hart was correct in his positive identification of the defendant. Alvarez contends that the trial judge, during closing argument to the jury, should have allowed his counsel to read a quote from a law review article relating to the hazards of identification testimony.

█ The scope of closing argument is controlled by the trial court's sound discretion, and in the absence of a gross abuse of discretion to the prejudice of the defendant, the court's ruling will not be disturbed on review. *People v. Motley,* 179 Colo. 77, 498 P.2d 339 (1972). The trial judge gave defense counsel great latitude in his closing argument to comment on the soundness of identification testimony, in general, and on Mr. Hart's identification of the defendant, in particular. Such argument was within the evidence and the law. The court was not obliged, however, to go further and permit the reading of the law review article relating to the vagaries of identification testimony.

█ The trial judge had given a detailed instruction to the jury on how to appraise the identification testimony of a witness. It is the trial court's duty to instruct the jury on all matters of law which it may consider. To allow counsel in this case to read an opinion from a law review article on the credibility of eyewitness identifications would have, in our opinion, substituted the writer for the judge, and usurped the trial court's duty to instruct on the law. *Owen v. People,* 118 Colo. 415, 195 P.2d 953; *State v. Chaney,* 184 Neb. 734, 171 N.W.2d 787.

In a case with facts similar to the instant case, the Arizona Supreme Court refused to find an abuse of discretion in the trial court's refusal to allow defense counsel to read from a book which questioned the reliability of eyewitness identification. *State v. Chambers,* 104 Ariz. 247, 451 P.2d 27. It has also been pointed out that allowing the reading of this type of commentary

might make it difficult for a jury to distinguish between the opinions of experts, subject to cross-examination, and the opinions of the authors whose works were read. *People v. Polite,* 236 Cal. App.2d 85, 45 Cal. Rptr. 845 (1965). We follow these authorities and find no abuse of the judge's discretion in this case.

## II.

Defendant's second contention is that his sentence of not less than seventeen years nor more than twenty-five years in the state penitentiary is excessive. We pointed out that a sentencing court should tailor the sentence to the defendant, keeping in mind past record, potential for rehabilitation, and protection of the public as well. *People v. Lichtenwalter,* 184 Colo. 340, 520 P.2d 583. In accordance with this philosophy is 1971 Perm. Supp., C.R.S. 1963, 40-1-102(3), which requires judges to "prescribe penalties . . . which permit recognition of differences in rehabilitation possibilities as between individual offenders."

The defendant Alvarez has been convicted of five previous felonies. He has served a term in the state reformatory, and two separate terms in the penitentiary. On two separate occasions he has been returned to confinement as a parole violator. The judge, when he imposed the sentence, said that he could not see any good that could ever come from the defendant being released, and the judge further found that the defendant was a hardened criminal. The sentence was well within the statutory limits of between five and forty years, 1971 Perm. Supp., C.R.S. 1963, 40-1-105, and, under the circumstances, we find no abuse of discretion in the sentence imposed here. *People v. Weihs,* 187 Colo. 124, 529 P.2d 317. The seventeen to twenty-five year sentence is also not excessive when compared with similar cases dealing with appeals from allegedly excessive sentences in other jurisdictions. *State v. McDonald,* 106 Ariz. 130, 471 P.2d 1022; *State v. Pickard,* 105 Ariz. 219, 462 P.2d 87; *People v. Hayes,* 52 Ill.2d 170, 287 N.E.2d 465; *People v. Woods,* 3 Ill. App.3d 140, 278 N.E.2d 848.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.