The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Joel David GRABLE, Defendant-Appellant.

No. 78–1139.

Colorado Court of Appeals, Div. I.

Dec. 28, 1979.

Rehearing Denied Jan. 31, 1980.

Certiorari Denied May 19, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James F. Carr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Terry Wiggins, P. C., Denver, for defendant-appellant.

KELLY, Judge.

Joel Grable appeals his jury conviction of first degree assault and the sentence imposing enhanced punishment for a violent crime. Grable contends that the trial court erred in failing to require that the jury make specific findings of fact regarding the violent crime sentencing allegation, and in failing to submit to them the question of the existence of heat of passion. We reverse.

Grable was charged with one count of first degree assault against two individuals and two counts for the purpose of violent offender sentencing as to each of the victims. While the trial court instructed the jury on the elements of a crime of violence in accordance with § 16–11–309(2), C.R.S. 1973 (1978 Repl.Vol. 8), it submitted only general verdict forms on each of the violent offender allegations. The defendant argues that the act providing for mandatory sentences for violent crimes requires that the jury make specific findings regarding the elements of a crime of violence. We agree.

Section 16–11–309, C.R.S. 1973 (1978 Repl.Vol. 8) requires that the violent crime sentencing allegation be made in a separate count of the indictment. The statute further provides that:

"The jury, or the court if no jury trial is had, in any such case shall make a *specific finding* as to whether the accused did or did not use, or possessed and threatened to use, a deadly weapon during the commission of such crime or whether such serious bodily injury or death was caused by the accused. If the jury or court finds that the accused used, or possessed and threatened the use of, such deadly weapon or that such injury or death was caused by the accused, the penalty provisions of this section shall be applicable."

Section 16–11–309(5), C.R.S. 1973 (1978 Repl.Vol. 8) (emphasis added).

█ The People argue that the instruction given by the trial court regarding the elements of a crime of violence, combined with the general verdict form, meets the requirement of the statute. We disagree. Where, as here, the statute requires the jury to make specific findings, the court must submit special interrogatories, *cf. De-Gesualdo v. People*, 147 Colo. 426, 364 P.2d 374 (1961), which elicit the required findings.

Grable also argues that the trial court erred in sentencing him without first having requested that the jury determine

whether he acted in the "heat of passion." Again, we agree.

■ A person who acts in the "heat of passion" cannot constitutionally be subjected to a greater penalty when he causes serious bodily injury than that which could have been imposed, had he caused the death of his victim. *People v. Montoya*, 196 Colo. 111, 582 P.2d 673 (1978). Consequently, where a defendant charged with first degree assault can establish that he acted in the "heat of passion," he cannot receive a greater penalty than he would have received had he been convicted of manslaughter.

The People argue, however, that the defendant presented no evidence that he acted in the "heat of passion." We disagree.

■ Grable testified that he was first assaulted by the victims, both of whom were armed, and that he stabbed them both in self-defense. Where a defendant presents a plausible case for self-defense, heat of passion is an available alternative inference from the evidence. *See People v. Miller*, 187 Colo. 239, 242, 529 P.2d 648, 649 (1974). Since a manslaughter instruction, placing the existence of "heat of passion" in issue before the jury, would have been required had the victims died, in order to determine the appropriate sentence, the trial court was required to submit a special interrogatory to the jury.

The judgment is reversed and the cause is remanded for a new trial. On retrial, the court should submit a special interrogatory asking the jury to determine whether Grable acted upon a sudden heat of passion caused by a serious and highly provoking act of the intended victim affecting him sufficiently to excite an irresistible passion in a reasonable person. *See* § 18–3–104(1)(c). C.R.S. 1973 (1978 Repl.Vol. 8). Further, a special interrogatory pursuant to § 16–11–309, C.R.S. 1973 (1978 Repl.Vol. 8) must be submitted to the jury with the instruction to answer the interrogatory only if the jury finds the defendant guilty of the offense charged.

COYTE and SILVERSTEIN, JJ., concur.