The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Gregory **RAMIREZ**, Defendant-Appellant.

No. 79CA0721.

Colorado Court of Appeals, Div. III.

Feb. 18, 1982.

Rehearing Denied March 25, 1982.

Certiorari Granted Oct. 12, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Susan L. Fralick, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Gregory Ramirez, appeals his convictions by a jury of two counts of aggravated robbery of drugs and of commission of a violent crime, and his sentencing to a life term pursuant to the habitual criminal act. We affirm.

The record discloses the following facts. The defendant was taken into custody as he and an accomplice exited from the rear entrance of a pharmacy. The police had been notified of the robbery by the silent alarm triggered by the druggist when he saw the two men enter the pharmacy and recognized them as the same two men who had robbed his store of drugs and cash two months previously. During the course of the second robbery, and after the druggist had surrendered the cash and drugs which had been demanded, the defendant immobilized the druggist and an employee by using adhesive tape from the drug store.

When the police apprehended the two men, they recovered certain drugs from the defendant and his companion which had been taken from the store. These drugs included Dilaudid, Demerol, and Percodan. They also recovered a gun which the druggist testified had been displayed during the robberies.

I.

■ Defendant designates various errors in the jury instructions. The alleged errors were not preserved for review either by a contemporaneous objection or by inclusion in a motion for a new trial. The instructions given, when read as a whole, adequately informed the jury of the applicable law, *see People v. Lovato,* 181 Colo. 99, 507 P.2d 860 (1973), and thus, there was no plain error.

■ Defendant first designates as error the omission of the culpable mental state of "knowingly" in the definitional instruction

of aggravated robbery given by the trial court. Though failure to instruct the jury on the culpable mental state constitutes plain error, *People v. Hardin,* Colo., 607 P.2d 1291 (1980), the Supreme Court has held that instructions comparable to those which were given here were "sufficient to avoid fundamental error in the jury's verdict." *People v. Bridges,* 199 Colo. 520, 612 P.2d 1110 (1980); *see also People v. Smith,* Colo., 620 P.2d 232 (1980). *But Cf. People v. Hardin, supra.* Critical to this conclusion is the fact that in an instruction separate from the definitional instruction the court stated that the requisite mental state of "knowingly" was required to be proven beyond a reasonable doubt and the fact that "knowingly" was the only applicable *mens rea* in the charge. Thus, there was no chance that this omission would lead to jury confusion. *See People v. Pool,* 185 Colo. 131, 522 P.2d 102 (1974).

■ Defendant, relying on *People v. Grable,* 43 Colo.App. 518, 611 P.2d 588 (1979), also contends that the trial court erred when it submitted a general verdict form to the jury on the crime of violence. However, *Grable* is not to be retroactively applied under such circumstances as exist here, where the jury was properly instructed as to all the elements of violent crime and received a separate verdict form, and where defendant's counsel failed to object to the verdict form or demonstrate any prejudice arising from its use. *People v. Swanson,* Colo., 638 P.2d 45 (1981).

■ The defendant finally designates as plain error the failure of the trial court to include the taking of narcotic drugs from a pharmacy or any lawful place as an element of the offense in its definitional instruction. We do not agree with the defendant that this specific factual determination is an element of the offense.

Section 18–4–303, C.R.S.1973 (1978 Repl. Vol. 8) is merely a punishment enhancement statute. It provides that if the defendant, under the aggravating circumstances of § 18–4–302 "[took] any narcotic drug from any pharmacy or other place having lawful possession . . . ," he is guilty of a class 2 felony, rather than a class 3 felony. *See People v. Beigel,* Colo.App., 646 P.2d 948 (1982) (analysis of a different sentence enhancement statute).

Here, the trial court submitted a special interrogatory to the jury; the jury made the requisite factual finding to bring the defendant within the ambit of § 18–4–303. *See People v. Grable, supra.* We also note that the trial court included a definition of narcotic drug in its jury instructions.

## II.

In the second half of the bifurcated trial on habitual criminal charges, the jury found the defendant had four prior felony convictions. He was sentenced to a life term pursuant to § 16–13–101(2), C.R.S.1973 (1978 Repl.Vol. 8). Defendant designates various errors as occurring during this proceeding.

■ Defendant first contends that two of the prior felonies used for enhancement were the result of constitutionally improper guilty pleas and, therefore, could not be used in this subsequent criminal proceeding. *See People v. Meyers,* Colo., 617 P.2d 808 (1980). We disagree.

On February 24, 1965, the defendant entered a plea of guilty to the charge of conspiracy to commit robbery. Defendant argues that an examination of the transcript of the providency hearing conducted at that time shows that the plea cannot satisfy constitutional requirements of voluntariness as prescribed by the version of Crim.P. 11 then in effect.

The dispositive issue here is whether the constitutional requirements of voluntariness then in effect were met. *See People v. Gonzales,* 38 Colo.App. 522, 565 P.2d 945 (1977). On this issue *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970) is dispositive. A comparison of the record here with the record cited in *Ward* demonstrates compliance with the then existing Crim.P. 11. At the time pertinent here, there was no ritualistic requirement that the defendant be advised specifically of each element of the offense to which he was admitting guilt. *Ward, supra.*

On October 17, 1974, the defendant pled guilty to attempted possession of narcotics. At that time he was charged with two counts of the sale of narcotics and one count of conspiracy. On the day of the providency hearing, the district attorney amended the information to include the count of attempted possession in order to facilitate plea bargaining.

At the time this guilty plea was entered, the version of Crim.P. 11 applicable to this case specifically delineated the duties of the trial judge and the rights of the defendant. It is evident from the record that the guilty plea accepted by the trial judge substantially complied with Crim.P. 11. A ritualistic formula is not required in ascertaining defendant's knowledge. *People v. Lambert,* 189 Colo. 264, 539 P.2d 1238 (1975). Here, the defendant admitted to the possession of heroin. The record is unambiguous as to defendant's knowing and intelligent waiver of his rights. *See People v. Keenan,* 185 Colo. 317, 524 P.2d 604 (1974).

Defendant also argues that his third and fourth felony convictions should be merged for the purposes of enhancement under the habitual criminal statute because the fourth felony conviction occurred before his third felony conviction. We disagree.

██ It is the commission of the act which gives rise to the conviction, and not the time when conviction occurs, which controls. *See People v. Gimmy,* Colo.App., 620 P.2d 42 (1980) (cert. granted June 8, 1981). The third and fourth convictions were properly considered as separate convictions for the purposes of enhancement, irrespective of the sentencing sequence.

██ Defendant's final contention of error is that the previously discussed 1965 guilty plea was supported by insufficient evidence to support the jury's verdict. This contention of error is based on the fact that the information was amended to read "C.R.S. 1963, 40–7–35," rather than "C.R.S.1953, 40–7–36," which was the original charge in the information. This contention of error was not properly preserved for appeal. In addition, the two statutes cited are identical, and the amendment merely reflected the then current statutory citation of the

1953 code provision. *See Lucero v. People,* 164 Colo. 247, 434 P.2d 128 (1967).

Judgment affirmed.

SMITH and KELLY, JJ., concur.