The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Toby E. ZAPATA, Defendant–Appellant.

No. 85CA1034.

Colorado Court of Appeals, Div. I.

Feb. 11, 1988.

Rehearing Denied March 24, 1988.

Certiorari Granted (People) Aug. 8, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

HUME, Judge.

Defendant, Toby Zapata, was convicted of two counts of first degree sexual assault, two counts of second degree burglary, and two counts of violent crime. He was sentenced to two consecutive 24–year terms of imprisonment for the aggravated assault convictions, and two consecutive 16–year terms for the burglary convictions. He asserts the court erred: 1) in refusing his tendered instructions on misidentification and in giving his erroneous theory of the case instruction on that issue; and 2) in imposing sentence in the aggravated range upon ambiguous violent crime findings made by the jury. We affirm the judgment of conviction in all respects, but vacate the sentences imposed for burglary.

I.

■ At trial, the defendant tendered, and the court refused to give, a series of instructions concerning his theory that he had been misidentified as the perpetrator of the charged offenses of sexual assault with a deadly weapon and burglary. The court's refusal was based upon its conclusion that the tendered instructions were repetitive; were substantially included in stock instructions concerning witness credibility, burden of proof, and the elemental instructions for the charged offenses; and that they placed undue emphasis on a single issue presented by the evidence. These factors are appropriate for the trial court's consideration in the exercise of its sound discretion. *People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978); *People v. Rivera*, 710 P.2d 1127 (Colo.App.1985). We perceive no abuse of discretion in the court's refusal to give the defendant's proposed misidentification instructions.

■ The court did give a theory of the case instruction proposed and prepared by defendant, as follows:

"It is the accused's theory of the case that he has not been correctly identified as the perpetrator of the offense(s) charged.

"If you find from all the evidence that the accused has been incorrectly identified, then you should find the accused not guilty.

"If, however, you find that from all the evidence the accused was correctly identified and the prosecution has proven beyond a reasonable doubt all other elements of the offense(s) charged, you should find the accused guilty."

Defendant now contends that his theory of the case instruction misstated the law, and in giving it the court committed reversible error. We disagree.

The trial court has a duty to instruct the jury on the law, properly, plainly and accurately, on every issue presented. *See People v. Alvarez*, 187 Colo. 290, 530 P.2d 506 (1975); *People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974). Counsel have a correlative duty to assist the court by tendering correct instructions and by objecting to erroneous instructions. *See Fresquez v. People*, 178 Colo. 220, 497 P.2d 1246 (1972); Crim.P. 30.

If an instruction is challenged for the first time on appeal, review is confined to a

consideration of whether the error falls within the definition of plain error. *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972). Furthermore, under the invited error doctrine when a party injects or invites error in trial proceedings, he cannot later seek reversal on appeal because of that error. *People v. Collins*, 730 P.2d 293 (Colo.1986); *People v. Valdez*, 725 P.2d 29 (Colo.App.1986).

The invited error doctrine has been stated as a rule of strict preclusion of review. However, the right to trial by jury is a fundamental constitutional right guaranteed in a criminal prosecution. The ultimate duty to instruct properly lies with the trial court under *People v. Mackey, supra.* Thus it is illogical to apply the invited error doctrine in a manner which strictly prohibits review of fundamentally erroneous instructions which result in manifest prejudice or unfairness.

In *People v. Barker, supra,* the Supreme Court held that Crim.P. 52(b) allows review of plainly erroneous instructions given without objection despite the express provision of Crim.P. 30 specifying that only grounds asserted as contemporaneous objections are to be considered on review. Accordingly, we conclude that a plain error analysis is necessary to determine reviewability of erroneous instructions given at the request of a criminal defendant.

The burden is on the defendant to demonstrate that the giving of the instruction in question was plain error, in that it substantially influenced the jury's verdict or affected the fairness of the trial proceedings. *People v. Jensen*, 747 P.2d 1247 (Colo.1987). This burden has not been met here.

We agree that, standing alone, the instruction quoted above might be construed to require the defendant to prove his misidentification by some unspecified standard. However, the jury was properly instructed that all of the instructions must be taken together as a whole, and the elemental instructions for burglary and sexual assault each clearly placed the burden of proof of the perpetrator's identity on the prosecution beyond a reasonable doubt.

For a court to determine the effect of a particular instruction, it must be read in conjunction with the other instructions. *People v. Manier*, 184 Colo. 44, 518 P.2d 811 (1974). And, if the law of the case is clearly and explicitly set forth in one instruction, the effect of equivocal language elsewhere is eliminated. *LeMaster v. People*, 54 Colo. 416, 131 P. 269 (1913). Accordingly, we conclude that plain error has not been shown, and any error in the wording of the theory of the case instruction is insufficient to mandate reversal.

## II.

■ Defendant's contention of error concerning the sentences imposed arose from the court's having applied the jury's violent crime findings to each of two burglary convictions and each of two sexual assault convictions. We agree that the violent crime findings should not have been applied to the burglary convictions.

Defendant was charged in a single information with one count of sexual assault, one count of burglary, and one count of violent crime, committed on October 14, 1983; and with identical counts committed on June 1, 1984. These charges involved the same victim.

The court instructed the jury concerning the violent crime allegations in separate instructions for each date, and asked the jury to determine whether the prosecution had proved that defendant had used or possessed a deadly weapon and threatened its use at the time he committed the crime of "Sexual Assault *or* Second Degree Burglary...." (emphasis added) The two finding forms executed by the jury are also couched in the disjunctive as follows:

"We ... find that the defendant, TOBY E. ZAPATA, did use or possess and threaten the use of, a deadly weapon during the commission of the crime of Sexual Assault *or* Second Degree Burglary on (October 14, 1983) (June 1, 1984)." (emphasis added)

Neither the prosecution nor the defendant objected to the form of the instructions or to the form of the proposed findings.

At the sentencing hearing, the court applied the violent crime findings to each of the convictions for burglary and for sexual assault, and concluded that it was required by those findings to sentence in the aggravated range for all offenses. Defendant urges that the findings are ambiguous and cannot require sentencing in the aggravated range for any of the convictions.

Both § 16–11–309(5), C.R.S. (1986 Repl. Vol. 8A), and *People v. Grable*, 43 Colo. App. 518, 611 P.2d 588 (1979) require the fact finder to make specific findings to warrant mandatory sentencing in the aggravated range for violent crimes. Here, although specific findings were made, it is not clear from examination of the findings themselves whether the jury found the violent crime allegations were proved in connection with the sexual assault convictions, or the burglary convictions, or both.

This case is analogous to the situation presented in *People v. Powell*, 716 P.2d 1096 (Colo.1986). Here, as in that case, the other verdicts submitted by the jury make it clear that the jury found beyond a reasonable doubt that the defendant used or possessed and threatened the use of a deadly weapon in the commission of the sexual assaults. But, unlike *Powell*, there was no express finding or verdict here which indicated that the jury did or did not find the use of a deadly weapon or possession and threat of use of a deadly weapon in the commission of the burglaries.

Criminal liability and punishment cannot rest on a silent or ambiguous record, but must be based upon an express finding as required by § 16–11–309(5), C.R.S. (1986 Repl.Vol. 8A). *See People v. Grable, supra; cf. DeGesualdo v. People*, 147 Colo. 426, 364 P.2d 374 (1961). While the record here might support a finding that defendant in fact used a deadly weapon in both the course of the burglaries and the sexual assaults, no specific jury finding was made. Under these circumstances, the trial court erred in concluding that it was required to sentence in the aggravated range on the burglaries because of the violent crime findings.

The trial court also made numerous findings at the sentencing hearing which might sustain the sentences imposed on the burglary convictions under § 18–1–105(6), C.R.S. (1986 Repl.Vol. 8B). However, it is unclear whether the sentences imposed by the court were based upon its conclusion that the violent crime findings should be applied to the burglaries or whether the court exercised its sound discretion under § 18–1–105(6) in arriving at its sentencing decision. Thus, the matter must be remanded for resentencing on the burglary charges.

The judgments of conviction for sexual assault and burglary are affirmed. The sentences for sexual assault are affirmed. The sentences imposed on the burglary convictions are vacated, and the cause is remanded to the trial court for resentencing on those convictions.

PIERCE and CRISWELL, JJ., concur.