23CA1844 Peo v Chandler 08-07-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1844
El Paso County District Court No. 22CR1524
Honorable William H. Moller, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Leyonte Deshaunn Chandler,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Lipinsky and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 7, 2025

---

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

William Holzer, Alternate Defense Counsel, Littleton, Colorado, for Defendant-
Appellant

¶ 1    Defendant, Leyonte Deshaunn Chandler, appeals the judgment of conviction entered after a jury found him guilty of several offenses following an incident in which he shot at a friend of his ex-wife. We affirm.

## I.    Background

¶ 2    Chandler was driving with his ex-wife, Ashly Gutierrez, when Gutierrez began texting with a friend, Melvin Stewart. Chandler had previously seen Stewart walking Gutierrez's dog, but the two men had never spoken. Chandler took Gutierrez's phone and began exchanging insulting messages with Stewart. Chandler drove to Gutierrez's house and hit her because he was mad about Stewart. Twenty minutes later, Chandler and Gutierrez got back in the car. Gutierrez then told Chandler where Stewart lived, and Chandler told Stewart he was on his way. Gutierrez was carrying a gun in her bag. Chandler took Gutierrez's bag from her and removed her gun.

¶ 3    Stewart drove from a friend's house to his own home to meet Chandler. When Chandler saw Stewart in his car, he followed him, bumped into the back of Stewart's car, and fired Gutierrez's gun through the rear window of Stewart's car. Stewart was not injured.

1

¶ 4    The prosecution charged Chandler with attempted first degree murder, attempted first degree assault, and various other charges.

¶ 5    The trial court instructed the jury on the affirmative defense of self-defense, based on evidence that Stewart had a gun in his car during the encounter with Chandler.  The court denied Chandler's request for an instruction on the heat of passion mitigator for attempted first degree murder and attempted first degree assault, however, ruling that no evidence supported it.

¶ 6    As relevant here, the jury found Chandler guilty of attempted manslaughter as a lesser included offense of attempted first degree murder and attempted first degree assault.  It also found him guilty of some of the additional offenses but acquitted him of others.  The trial court sentenced him as an habitual criminal to thirty-two years in the custody of the Department of Corrections.

¶ 7    Chandler appeals, arguing the trial court erred by refusing to instruct the jury on the heat of passion mitigator as it related to the first degree assault count.  We disagree and affirm.

## II.    Heat of Passion Instruction

### A.    Applicable Law

¶ 8      The trial court has a duty to correctly instruct the jury on all matters of law for which there is sufficient evidence to support giving instructions. *Cassels v. People*, 92 P.3d 951, 955 (Colo. 2004). We review de novo whether enough evidence exists to support a requested instruction. *Castillo v. People*, 2018 CO 62, ¶ 32. In doing so, we review the evidence in the light most favorable to the defendant. *Cassels*, 92 P.3d at 955.

¶ 9      Attempted first degree assault is generally a class 4 felony but is a class 6 felony if committed in a sudden heat of passion due to provocation. §§ 18-2-101(4), 18-3-202(2)(a)-(b), C.R.S. 2024.

¶ 10     A defendant is entitled to a heat of passion instruction when there is "some supporting evidence — regardless of how incredible, unreasonable, improbable, or slight it may be — to establish each factor described" in subsection (2)(a) of the first degree assault statute. *Cassels*, 92 P.3d at 956 (discussing heat of passion as applied to second degree murder). That is, the defendant must produce at least some evidence showing that:

1. the act causing the assault was performed upon a sudden heat of passion;

2. caused by a serious and highly provoking act of the intended victim;

3. affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person; and

4. between the provocation and the assault, an insufficient interval of time passed for the voice of reason and humanity to be heard.

§ 18-3-202(2)(a). The evidence must support all four elements before a defendant is entitled to submit the issue to the jury. *People v. Villarreal*, 131 P.3d 1119, 1128 (Colo. App. 2005).

## B. Discussion

¶ 11 We see no evidence to support the heat of passion elements here. Chandler argues he was provoked by the confrontational text messages he exchanged with Stewart before the shooting, by the fact that Stewart called him a "pussy," by Stewart's sexual relationship with Gutierrez, and ultimately by the fact that Stewart brought a gun to what was intended to be a fistfight. But none of

4

these facts would be sufficient to excite an irresistible passion in a reasonable person.

¶ 12     Chandler was aware that Stewart had some relationship with Gutierrez well before the shooting. Chandler and Gutierrez were no longer married at the time of the offense. And courts examining the issue have generally concluded that neither the victim's rejection of the defendant's affections nor the defendant's jealousy of the victim's sexual activity is sufficient to warrant a heat of passion instruction. *See People v. Ramirez*, 56 P.3d 89, 95 (Colo. 2002) (collecting cases).

¶ 13     Furthermore, a reasonable person would not be moved to attempt murder because of the mere exchange of insulting text messages. *Cf. Cassels*, 92 P.3d at 957 (by contrast, the victim's repeated in-person threats and insults, combined with pushing and shoving, while the victim was blocking the only exit and the defendant was naked, were cumulatively sufficient to constitute provocation). And, at least with respect to the non-gun-related evidence, the time it took Chandler to drive first to Gutierrez's house, wait twenty minutes, and then drive to Stewart's house, gave him ample opportunity to hear the voice of reason and humanity.

*See People v. Suazo*, 867 P.2d 161, 168 (Colo. App. 1993) (even where there is evidence of provocation, a heat of passion instruction is not warranted where an adequate "cooling off" period has passed) (citations omitted).

¶ 14 In addition, we are not convinced that Stewart's possession of a gun, without more, constitutes a serious and highly provoking act. Chandler relies on the statement in *People v. Grable*, 611 P.2d 588, 590 (Colo. App. 1979), that "[w]here a defendant presents a plausible case for self-defense, heat of passion is an available alternative inference from the evidence." But in *Grable*, the defendant testified that the victims assaulted him first and he stabbed them in self-defense. *Id.* That testimony supported the theory that the defendant could have committed his act either in self-defense or under a sudden heat of passion. In contrast, the evidence here showed only that Stewart had a gun in his car and had touched it at some point.[1] There was no evidence regarding when Stewart touched the gun, whether he displayed it to

---

[1] Specifically, the police officer who contacted Stewart testified that Stewart told him there was a gun in his car, he had touched it, and his fingerprints would be on it.

6

Chandler, or whether Chandler was even aware of it. Therefore, notwithstanding the self-defense instruction, there was no evidence of provocation.

¶ 15 Because Chandler cannot point to evidence supporting all four elements of the heat of passion mitigator, the trial court properly denied his request for a heat of passion jury instruction.

### III. Disposition

¶ 16 The judgment is affirmed.

JUDGE LIPINSKY and JUDGE LUM concur.