**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Raymond S. NIX, a/k/a Raymond Scott Nix, a/k/a Raymond Nix, Defendant–Appellant.**

**Nos. 00CA0053, 00CA0222.**

Colorado Court of Appeals,
Div. V.

May 10, 2001.

Rehearing Denied Jan. 17, 2002.

Ken Salazar, Attorney General, Barbara Askenazi, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Robert P. Borquez, Aurora, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant Raymond S. Nix, appeals the judgment of conviction entered in consolidated cases upon a jury verdict finding him guilty of seven counts of theft by deception for fraudulently obtaining food stamps and Section 8 housing benefits. We reverse.

Testimony presented on behalf of defendant showed the following. Defendant rent-

ed an apartment in Fort Collins (Larimer County), where he lived with his son. Every day, he and his son drove to Greeley (Weld County) where his girlfriend, his son's mother, lived with his other son and his stepson. Defendant did this so that his son could attend a better school with his brothers and so that his son could spend time with his brothers. During the day, he watched the three children before and after school while his girlfriend attended school. This arrangement allowed the children to spend more time with their father, while allowing defendant's girlfriend to attend school without having to pay for day care. Defendant and his son returned to Fort Collins at night. However, three or four nights a week, defendant's son stayed overnight in Greeley because of the long commute, and two or three nights a week defendant also stayed overnight.

In contrast, the prosecution's evidence showed that defendant and his son resided most of the time in Greeley, with only occasional stays at their Section 8 housing in Fort Collins.

Defendant received food stamp benefits from the Larimer County Department of Human Services (department). The applicable regulations required that, to be eligible for this program, defendant must live or maintain a residence in Larimer County. Defendant also received Section 8 housing benefits from the Fort Collins Housing Authority, for which it was required that his apartment be his "principal place of residence."

An investigation by the department revealed that defendant spent his days in Weld County, that his son went to school in Greeley, and that he used all of his food stamps in Greeley. The department concluded that he did not actually live in Larimer County, but that he lived with his girlfriend in Greeley. Because the department concluded that he did not actually live in Larimer County, it determined that he was receiving food stamp and housing benefits to which he was not entitled. It is undisputed that defendant was not receiving housing or food stamp benefits from Weld County and that he separately purchased and prepared food for himself and

his son in Weld County using his own food stamps.

Based on this information, defendant was charged with five counts of theft by deception for unlawfully taking food stamp benefits from the Larimer County Department of Human Services; and in a separate case, he was charged with four counts of theft for unlawfully taking additional Section 8 housing benefits from the Fort Collins Housing Authority. The two cases were consolidated before trial.

After a three-day jury trial, defendant was convicted of seven counts of theft by deception.

## I. Section 8 Housing

Defendant first contends that the trial court violated his constitutional due process rights because the term "principal residence" was not sufficiently defined by the Fort Collins Housing Authority, and therefore that term, as applied to him with respect to the Section 8 housing benefits, was unconstitutionally vague. We agree.

Initially, we reject the prosecution's argument that defendant is barred from raising this issue on appeal because he failed to raise it at trial. Defendant raised this issue in his *pro se* motion for a new trial. Thus, it is properly before this court.

Principles of statutory construction apply to administrative regulations. *Regular Route Common Carrier Conference v. Public Utilities Commission*, 761 P.2d 737 (Colo. 1988).

A regulation is not void for vagueness if it is sufficiently specific to apprise persons of ordinary intelligence of the particular conduct that will subject them to liability. *Colorado Civil Rights Commission v. Travelers Insurance Co.*, 759 P.2d 1358 (Colo.1988). A statute or regulation may be unconstitutionally vague as applied in particular circumstances. *See Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974).

Statutory or regulatory terms need not be defined with mathematical precision. Rather, the language must be sufficiently

specific to give fair warning of the prohibited conduct. *Davis v. State Board of Psychologist Examiners,* 791 P.2d 1198 (Colo.App. 1989).

■ Words and phrases used in statutes are to be considered in their generally accepted meaning, and the court has a duty to construe a statute so that it is not void for vagueness, if a reasonable and practical construction can be given to its language. *Colorado State Board of Medical Examiners v. Hoffner,* 832 P.2d 1062 (Colo.App.1992).

To prove theft under § 18–4–401(1), C.R.S. 2000, the prosecution must prove beyond a reasonable doubt that, among other things, the defendant knowingly obtained anything of value that was the property of another. Thus, the prosecution here was required to establish, among other things, that defendant took the Section 8 housing benefits knowing that he was not entitled to them.

Accordingly, the prosecution sought to prove that defendant's principal residence was not in Larimer County, rendering his receipt of benefits from the Fort Collins Housing Authority unlawful.

Here, defendant signed a Certificate of Family Participation, which provided, "The Family must: ... Use the dwelling unit solely for residence by the Family, and as the Family's *principal place of residence.*" (emphasis added) Furthermore, he signed an addendum to the lease agreement and Housing Assistance Payments Contract certifying that "the house or apartment will be my *principal residence* and that I will not obtain duplicate Federal housing assistance while I am in this current program. I will not live anywhere else without notifying the Housing Authority immediately in writing." (emphasis added)

Significantly, however, these documents did not define the term "principal residence." Further, an occupancy specialist from the Fort Collins Housing Authority testified that the term "principal residence" was not defined in federal regulations or in the housing authority's administrative plan. Rather, she stated that the determination of whether a particular property is a person's principal residence was left to the judgment of the caseworker. She further testified that caseworkers generally do not explain to applicants how much time they need to spend in an apartment for it to be considered their principal residence.

In addition, applicants are required to sign a statement called "Responsibilities as a participant in the Section 8 certificate/voucher programs," which lists various ways assistance may be terminated. The occupancy specialist testified that failure to maintain the apartment as a principal residence was not listed as a reason for terminating assistance.

Furthermore, the jury was not instructed as to the definition of "principal residence."

The Fort Collins Housing Authority thus had no definition, let alone a uniform definition, of principal residence upon which it determined eligibility for housing benefits. Accordingly, given that defendant was residing partly in Fort Collins and partly in Greeley, he had no basis upon which to determine whether his living arrangements violated the "principal residence" requirement. Therefore, he could not have *knowingly* obtained the housing benefits to which he was not entitled. *See Smith v. Goguen, supra* (Massachusetts statute prohibiting certain conduct in regard to desecration of the United States flag was void for vagueness as applied to defendant).

Accordingly, we agree with defendant that the "principal residence" requirement is unconstitutionally vague as applied to him. If the Fort Collins Housing Authority itself did not define the term "principal residence," a person of ordinary intelligence could not be expected to readily understand its application in these circumstances.

In other circumstances as well, a Section 8 benefits recipient in Larimer County who, for example, resided part-time in another county while caring for an elderly relative with disabilities might not readily understand the meaning of the term "principal residence." Without a more specific definition of the term, that person might similarly face criminal prosecution or termination of Section 8 benefits.

Consequently, we conclude that defendant's due process rights were violated when

he was charged with theft for violating the principal residence obligation of Section 8 housing, and the judgment of conviction as to those charges must be reversed.

## II. Food Stamps

Defendant also contends that the evidence presented at trial was insufficient to convict him of theft by deception with regard to the food stamp regulations, because it was undisputed that he maintained a residence in Larimer County. We agree.

Again, we note that defendant is not precluded from raising this issue on appeal, because he properly raised it in his *pro se* motion for a new trial.

Evidence is sufficient to support a jury verdict if, when it is viewed in the light most favorable to the prosecution, a jury could reasonably conclude that each material element of the offense was proved beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Food stamps are governed in part by the Department of Human Services Regulation No. IV, 10 Code Colo. Reg. 2506–1 (§ B–4211), which the People introduced as evidence at trial. Although the regulation states, "Applicants must live in the county or district in which they make application for the program ...," it also states, "Applicants who maintain a residence in the county or district *for any purpose other than a vacation* [home] ... shall be considered eligible for the program ...." (emphasis added)

Here, the prosecution argues that defendant violated the first part of the regulation requiring him to "live in the county" where he applied for food stamp benefits. On appeal, defendant argues that he was eligible for food stamps under the second part allowing anybody "who maintain[s] a residence in the county" to be eligible for the program. We agree with defendant.

Based upon the plain language of the regulation, applicants may satisfy the food stamp residency requirement in different ways. *See Regular Route Common Carrier Conference v. Public Utilities Commission, supra* (regulations should be construed according to their plain meaning). Applicants may receive food stamps if they reside in the county in which they apply for food stamps. In addition, applicants who maintain a residence in the county, so long as that residence is not used as a vacation home, are also eligible for food stamp benefits. The regulation places no restriction upon the amount of time applicants need to spend in that county, so long as they "maintain a residence" there.

Therefore, this regulation did not prohibit defendant from receiving food stamps in Larimer County, where he maintained a residence, even if he spent a substantial amount of time, including nights, in Weld County with his children.

Throughout the proceedings, the prosecution conceded that even while defendant stayed in Weld County, he maintained his apartment in Larimer County. In closing, the prosecution stated that defendant used his apartment, at a minimum, to have "a place to go and crash, maybe entertain somebody, having somebody stop by." All that is required by the food stamp regulation is that a person "maintain a residence" in the county other than as a vacation home, and by the prosecution's own admissions, defendant did just that.

Therefore, under the plain language of the regulation, defendant was eligible for food stamps because he maintained a residence in Larimer County.

Considering all of the evidence presented in the light most favorable to the prosecution, we conclude that the evidence was insufficient as a matter of law to convict defendant of theft by deception with respect to receipt of food stamps. Accordingly, the judgment of conviction as to those charges must be reversed as well.

Because of our disposition above, we do not consider defendant's two other contentions of error.

Judgment reversed.

ROTHENBERG and ROY, JJ., concur.