The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Samuel J. MARTINEZ, Defendant–Appellant.

No. 05CA0906.

Colorado Court of Appeals, Div. I.

Feb. 8, 2007.

Certiorari Denied Sept. 11, 2007.

John W. Suthers, Attorney General, Jonathan Patrick Fero, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

James O. Simpson, Evergreen, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Samuel J. Martinez, appeals the judgment of conviction entered upon jury verdicts finding him guilty of vehicular eluding, a class five felony; driving while under restraint, a class one misdemeanor; and failure to have insurance, a class one misdemeanor. He also appeals the sentence imposed, which was concurrent terms of six years for vehicular eluding, eighteen months for driving while under restraint, and one year for failure to have insurance, all to be served consecutively to a ten-year sentence he was serving in an unrelated case. We affirm.

## I.

Defendant first contends that, as a matter of law, there was insufficient evidence to convict him of the class one misdemeanor of operating a vehicle without insurance. He was convicted under § 42–4–1409(2), which requires that the prosecution prove he was operating a motor vehicle on the public highways of this state without a complying policy or certificate of self-insurance in full force and effect as required by law. He maintains, however, that § 42–4–1409(2) and (3), C.R.S. 2006, must be read together, and they require that an officer request proof of insurance before an offender may be convicted under § 42–4–1409(2). And because there was no evidence that he was asked by the officer to produce proof of insurance, defendant contends his conviction cannot stand. We disagree.

In construing a statute, a reviewing court is required to give effect to the intent of the General Assembly by looking first to the language of the statute, reading the words and phrases in context, and then according them their plain meaning. *People v. Nix*, 42 P.3d 41 (Colo.App.2001).

Section 42–4–1409(2) provides: "No person shall operate a motor vehicle on the public highways of this state without a complying policy or certificate of self-insurance in full force and effect as required by law." Thus, under subsection 2 of the statute, drivers may be penalized for having *no insurance.*

In contrast, § 42–4–1409(3) penalizes drivers who, upon request of an officer, have *no proof of insurance* and it provides:

When an accident occurs, or when requested to do so following any lawful traffic

contact or during any traffic investigation by a peace officer, *no owner or operator of a motor vehicle shall fail to present to the requesting officer* immediate evidence of a complying policy or certificate of self-insurance in full force and effect as required by law. (Emphasis added)

Although they are both class one misdemeanors, these subsections set forth two separate offenses. *See* § 42–4–1409(4)(any person who violates subsection (1), (2) *or* (3) commits a class one misdemeanor); *People v. Moran,* 983 P.2d 143 (Colo.App.1999).

We also observe that the General Assembly has enacted a safeguard that protect drivers who actually have insurance, but are unable to produce evidence of it when stopped by an officer, from being convicted of either § 42–4–1409(2) or (3).

Section 42–4–1409(6), provides, as relevant here:

No person charged with violating subsection ... (2), or (3) of this section shall be convicted if the person produces in court a bona fide complying policy or certificate of self-insurance that was in full force and effect as required by law at the time of the alleged violation.

For these reasons, we reject defendant's interpretation that the statutes establish a per se requirement on how the prosecution must prove a § 42–4–1409(2) violation.

In summary, we conclude, contrary to defendant's contention, that the prosecution need not prove, as an element of the offense, that an officer requested proof of insurance before an offender may be convicted under § 42–4–1409(2). Rather, the prosecution's burden under this statute is to prove beyond a reasonable doubt that the offender was driving and that he or she had no insurance.

In this case, the officer testified at trial that when defendant was stopped, he did not produce proof of insurance and that no insurance card or other proof of insurance was found during a search of the vehicle. Although the officer did not specifically ask defendant to show proof of insurance, we conclude these circumstances, including the fact that no proof of insurance was found during a search of the defendant's vehicle,

constituted prima facie evidence that he had no insurance.

Although defendant had no burden to produce any evidence at his trial, he never asserted or even suggested he had insurance, and during closing argument, his counsel also made the following concession to the jury:

We didn't hear about the police asking anyone for insurance papers, but, you know, *I don't think there is really much of a question there, he didn't have any insurance papers that he gave anyone.* So, I'm not concerned about that and I expect that he should be convicted of that as well.

. . .

*There is a verdict form that asks you to find him not guilty or guilty as to no insurance, and, again, there is not much issue there.* (Emphasis added)

We therefore conclude, both as a matter of law and as a factual matter, that the evidence presented at trial was sufficient to support defendant's conviction for driving without insurance under § 42–4–1409(2). *See Dempsey v. People,* 117 P.3d 800 (Colo.2005); *People v. Valdez,* 56 P.3d 1148 (Colo.App.2002)(in considering a challenge to the sufficiency of the evidence, a reviewing court must determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support the conclusion by a reasonable person that the defendant is guilty of the offense charged beyond a reasonable doubt).

## II.

Defendant next contends the trial court abused its discretion in imposing an aggravated sentence for vehicular eluding and ordering it to run consecutively to a sentence imposed in another case. We disagree.

Sentencing is a discretionary function, and the trial court is afforded wide latitude in imposing sentence. *People v. Fuller,* 791 P.2d 702 (Colo.1990); *People v. Oglethorpe,* 87 P.3d 129 (Colo.App.2003). In exercising its discretion, the trial court must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law, the de-

terrence of crime, and the protection of the public. The court may not place undue emphasis on any one of these factors to the exclusion of the others. *People v. Eurioste*, 12 P.3d 847 (Colo.App.2000).

■ However, the trial court need not engage in a point-by-point discussion of every factor relevant to its sentencing decision. A reasonable explanation for the sentence will suffice. *People v. Walker*, 724 P.2d 666 (Colo.1986); *People v. McAfee*, 104 P.3d 226 (Colo.App.2004).

### A.

■ A sentencing court has the discretion to impose on a defendant a sentence to be served consecutively to a sentence already imposed. *People v. Lucero*, 772 P.2d 58, 59 (Colo.1989).

In this case, the court imposed an aggravated six-year sentence after finding that defendant had six prior felonies. The court also considered defendant's drug problem and the seriousness of the offense. The fact of the prior convictions is sufficient to support the aggravated sentence. *See Lopez v. People*, 113 P.3d 713 (Colo.2005).

Because the sentence imposed is within the range required by law and was based on appropriate considerations supported by the record, we perceive no abuse of the court's discretion in imposing an aggravated sentence.

### B.

■ Relying on *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975), and language from *People v. Edwards*, 198 Colo. 52, 598 P.2d 126 (1979), defendant also contends the court erred in ordering the sentence in this case to run consecutively to a ten-year sentence imposed in another case. We do not agree.

In *Duran*, the supreme court upheld a lengthy sentence imposed upon the defendant, observing his long record of convictions for violent offenses. Thus, *Duran* offers no basis for disturbing defendant's sentence here.

Defendant's reliance on *Edwards* is also misplaced. Although the supreme court concluded the trial court abused its discretion in ordering two of the defendant's three sentences to run consecutively, the defendant there had no prior felony convictions, his convictions and sentences were in the same case and arose from events that occurred within a three-week period, and the trial court failed to set out facts to justify the consecutive sentences.

Here, in contrast, defendant had six prior felony convictions which arose from separate cases, and the trial court set forth findings that justify an aggravated sentence. *Cf. Close v. People*, 48 P.3d 528, 539 (Colo.2002) (Eighth Amendment analysis for proportionality review purposes focuses on "the sentence imposed for each specific crime, not on the cumulative sentence" (quoting *United States v. Aiello*, 864 F.2d 257, 265 (2d Cir. 1988))); *People v. Cabral*, 878 P.2d 1 (Colo. App.1993).

Accordingly, we perceive no abuse of discretion by the trial court in imposing the sentence in this case.

The judgment and sentence are affirmed.

Judge MÁRQUEZ and Judge BERNARD concur.