22CA1895 Peo v Melton 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1895 El Paso County District Court No. 21CR7100 Honorable Jessica L. Curtis, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Rodney Leonard Melton, Defendant-Appellant. JUDGMENT AFFIRMED Division VII Opinion by JUDGE KUHN Tow and Taubman*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Philip J. Weiser, Attorney General, Abigail M. Armstrong, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee Jeffrey C. Parsons, Alternate Defense Counsel, Broomfield, Colorado, for Defendant-Appellant * Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
 1 ¶ 1 Defendant, Rodney Leonard Melton, appeals the judgment of conviction entered on a jury verdict finding him guilty of a single count of third degree assault. We affirm. I. Background ¶ 2 In December 2021, Melton and the victim got into a physical altercation. According to the prosecution’s evidence at trial, Melton approached a group of people that the victim was hanging out with in front of a shelter for unhoused families. After the two exchanged words, Melton kicked the victim in the face. The victim responded by lunging at Melton, taking him to the ground, and placing him in a chokehold. During the ensuing struggle, Melton pulled out a knife and stabbed the victim ten times in the left arm, left flank, and back. ¶ 3 Melton’s description of what happened after he was placed in the chokehold mostly matched the prosecution’s evidence. But he recounted a different version of the events that escalated the encounter. Melton testified that after he approached the group of people the victim was with, the victim made a racially charged comment about him and spat on him. He reacted by “attempt[ing] to kick at” the victim but testified that he wasn’t sure whether his 
 2 kick “connected” with the victim. He testified that the scuffle then spiraled into an all-out fight between the two, ultimately resulting in the victim sustaining serious injuries from the stabbing. ¶ 4 The prosecution charged Melton with one count each of first degree assault and third degree assault. A jury found him guilty of third degree assault but couldn’t reach a unanimous verdict as to the other count. The trial court declared a mistrial, and a different jury later acquitted him of first degree assault. ¶ 5 The trial court then sentenced Melton to two years in county jail for third degree assault. II. Analysis ¶ 6 Melton contends that the trial court erred by (1) entering a conviction for third degree assault based on insufficient evidence and (2) sentencing him to the maximum term of incarceration allowed under the statute for that offense. We disagree with both contentions. 
 3 A. Melton’s Conviction is Supported by Sufficient Evidence in the Record ¶ 7 Melton contends that the prosecution failed to present sufficient evidence in support of his conviction for third degree assault. We disagree. 1. Standard of Review and Applicable Law ¶ 8 “[W]e review the record de novo to determine whether the evidence before the jury was sufficient both in quantity and quality to sustain the convictions.” Dempsey v. People, 117 P.3d 800, 807 (Colo. 2005). ¶ 9 In doing so, we employ the substantial evidence test and ask whether the evidence — viewed as a whole and in the light most favorable to the prosecution — is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. Gorostieta v. People, 2022 CO 41, ¶ 16. We “must ‘give the prosecution the benefit of every reasonable inference which might be fairly drawn from the evidence.’ It does not matter that we might have reached a different conclusion were we the triers of fact.” Id. at ¶ 17 (quoting People v. Harrison, 2020 CO 57, ¶ 32). 
 4 ¶ 10 As relevant here, a person commits third degree assault when that person “knowingly or recklessly causes bodily injury to another person.” § 18-3-204(1)(a), C.R.S. 2023. Bodily injury means “physical pain, illness, or any impairment of physical or mental condition.” § 18-1-901(3)(c), C.R.S. 2023. “Our supreme court has interpreted this definition to mean that bodily injury is ‘at least some physical pain, illness or physical or mental impairment, however slight.’” People v. Black, 2020 COA 136, ¶ 35 (emphasis added) (quoting People v. Hines, 194 Colo. 284, 289, 572 P.2d 467, 470 (1977)). There is no requirement that the injury “be of a crippling or otherwise incapacitating nature to be within the statutory prohibition.” People v. Lobato, 187 Colo. 285, 288, 530 P.2d 493, 495 (1975). 2. Discussion ¶ 11 The prosecution argued during the first trial that Melton’s kick to the victim’s face constituted third degree assault. In support, the prosecution introduced a surveillance video showing the incident. The video showed Melton kicking the victim and the victim’s head snapping back from the force of the kick. The prosecution also presented the testimony of two eyewitnesses, who said that Melton 
 5 had kicked the victim before he was taken to the ground and placed into the chokehold. ¶ 12 Melton contends that this evidence was nonetheless insufficient to establish the bodily injury element of third degree assault. He points out that the victim — who died from unrelated causes before the trial — couldn’t testify about the injuries sustained as a result of Melton’s conduct. Indeed, Melton continues, “neither the lay witnesses to the incident nor the police officer witnesses that responded to the scene and encountered the alleged victim presented any testimony as to any effect any kick had on [the victim], let alone any physical impairment.” ¶ 13 It’s true that the prosecution didn’t present testimony that the victim had reported any pain or any physical or mental impairment as a result of Melton’s kick. And while the People direct our attention to a hospital photograph that appears to show an injury on the victim’s face, no trial evidence was introduced linking the injury to the incident, let alone the kick underlying Melton’s third degree assault conviction. ¶ 14 Nevertheless, we conclude that the prosecution presented sufficient evidence from which a reasonable mind could infer the 
 6 bodily injury element of the offense based on the nature of the events. While the prosecution introduced no direct evidence about the extent of the victim’s injuries from the kick, a reasonable juror could infer that the victim suffered some level of bodily harm when Melton kicked him in the head. See Gorostieta, ¶ 16 (stating that the prosecution receives the benefit of all reasonable inferences that may be drawn from the evidence); see also People v. Perez, 2016 CO 12, ¶ 31 (“The question is not whether it is possible to disagree with the inferences, but rather, whether the inferences are reasonable when the evidence is viewed as a whole in the light most favorable to the prosecution.”). The jury wouldn’t have to rely on “guessing, speculation, conjecture, or a mere modicum of relevant evidence,” see People v. Donald, 2020 CO 24, ¶ 19 (quoting Perez, ¶ 25), to reach that conclusion in this case. Rather, the jury heard eyewitness testimony and viewed a video of the events. That evidence provided a sufficient foundation upon which the jury could conclude that Melton kicking the victim in the head caused the victim to experience some amount of physical pain or impairment, however slight. See id. No more was required to establish the bodily injury element of third degree assault. See Black, ¶ 35. 
 7 Melton’s sufficiency challenge, then, must fail.
1 B. The Trial Court Didn’t Err by Sentencing Melton to Two Years in County Jail ¶ 15 Melton next argues that the trial court abused its discretion when it sentenced him to the maximum term of incarceration for third degree assault. We again disagree. 1. Additional Background ¶ 16 The prosecutor requested a two-year jail sentence at the sentencing hearing, arguing that the sentence was appropriate given that third degree assault was still an extraordinary risk crime when Melton committed it; the victim ultimately sustained serious injuries as a result of the altercation; Melton had three prior second degree assault convictions; and throughout the trial proceedings, he manifested “a lack of willingness to accept accountability and a continual attempt to frustrate the process.” 1 Melton also asserts, without providing supporting authority or developing an argument, that the prosecution “presented no testimony of any kind as to [his] mens rea, further demonstrating the lack of sufficiency of the evidence.” Because we don’t “consider a bald legal proposition presented without argument or development,” we don’t address this issue further. People v. Rios, 2020 COA 2, ¶ 7 n.1. 
 8 ¶ 17 Melton’s trial counsel, on the other hand, pointed out that while Melton was convicted of third degree assault for kicking the victim, the court presided over the second trial in which a different jury acquitted him of first degree assault based on the theory that he stabbed the victim in self-defense. Considering this mixed outcome, and the fact that Melton had already been incarcerated for almost a year at the time of sentencing, counsel asked the court “to grant him credit for time served with no further penalty.” ¶ 18 The trial court granted the prosecution’s request, sentencing Melton to two years in county jail. 2. Standard of Review and Applicable Law ¶ 19 A trial court has extremely broad discretion when, as here, it imposes a sentence within the statutory range. People v. Rice, 2015 COA 168, ¶ 8. We review such decisions for an abuse of discretion because “the trial court’s ‘familiarity with the facts of the case’ places it ‘in the best position to fix a sentence that reflects a balance of the relevant considerations.’” People v. Torrez, 2013 COA 37, ¶ 71 (quoting People v. Vigil, 718 P.2d 496, 507 (Colo. 1986)). We will not disturb this kind of sentencing decision on appeal absent a showing that the court abused its discretion by imposing a 
 9 sentence that is manifestly arbitrary, unreasonable, or unfair, or is based on an erroneous construction of the law. People v. Herrera, 2014 COA 20, ¶ 16. ¶ 20 But “a trial court’s sentence must not be devoid of reason or principle and should reflect a rational selection of the sentencing alternatives consistent with the aims of the sentencing process.” Torrez, ¶ 72. Thus, in exercising its discretion, the court should consider, among other things, the nature of the defendant’s crime, the defendant’s criminal history, the events surrounding the criminal conduct, and the nature and extent of the victim’s injuries. Id. at ¶ 73; People v. Koehler, 30 P.3d 694, 698 (Colo. App. 2000). When weighing various factors, however, the court need not expressly refer to each factor it considers and need only provide a reasonable explanation for its sentence. See Torrez, ¶ 74 (citing People v. Martinez, 179 P.3d 23, 26 (Colo. App. 2007)). 3. Discussion ¶ 21 The two-year jail sentence was the maximum term the trial court could impose for Melton’s class 1 misdemeanor offense. § 18-3-204(3) (“Assault in the third degree is a class 1 misdemeanor.”); § 18-1.3-501(1)(a), (3)(a), (b)(I), C.R.S. 2023 
 10 (classifying third degree assaults committed before March 1, 2022, as extraordinary risk crimes that are subject to an additional six-month term beyond the eighteen-month maximum term applicable to most other class 1 misdemeanors).
2 But even though the court sentenced Melton within the statutory range, he contends that the court abused its discretion by “failing to sufficiently justify the maximum allowable sentence” for his conviction. ¶ 22 The trial court provided the following reasoning for imposing the two-year jail sentence: The first jury that acted as fact finder, with respect to the original charges brought against Mr. Melton, found that the Prosecution had [disproved] his claim of self-defense as to third degree assault beyond a reasonable doubt. The second jury found -- or evidently found that the Prosecution failed to disprove Mr. Melton’s claim of self-defense as to the stabbing of [the victim]. 2 Melton relies on section 18-1.3-401(10), C.R.S. 2023, to assert that “the Colorado statute defining ‘extraordinary risk’ crimes pertain only to felonies and do not list third degree assault among those crimes.” But as we note above, Melton’s third degree assault is a class 1 misdemeanor that is deemed an extraordinary risk crime under the statute governing sentencing for misdemeanors. Section 18-1.3-401, which applies only to felonies, is therefore irrelevant here. 
 11 The reasonable conclusion the Court is left with is that the first jury felt that Mr. Melton’s kick of [the victim] was not an act of self-
defense but that perhaps the Prosecution did not meet [its] burden in disproving that the stabbing was not in self-defense. The reasonable conclusion being that Mr. Melton’s kick of [the victim] set off a chain of events in which [the victim] was stabbed and could have died. (Emphasis added.) ¶ 23 Thus, while the court also noted that defense counsel’s and the prosecutor’s “recitation of the posture of this case [wa]s accurate,” it grounded its sentencing decision on Melton’s kick triggering the subsequent events that ultimately left the victim with serious stab wounds. Implicit in this analysis is consideration of the nature of Melton’s conduct, the events surrounding that conduct, and the nature and extent of the victim’s injuries. Each of these considerations is a proper sentencing factor. See Koehler, 30 P.3d at 698. The trial court didn’t need to discuss each one to justify its sentencing decision. Torrez, ¶ 74. ¶ 24 It’s true that the trial court could have made more extensive findings in support of its decision. The court, for example, made no mention of Melton’s prior criminal convictions or his demeanor 
 12 during the trial proceedings, even though the prosecutor brought these matters to the court’s attention. But the fact that the court didn’t address those additional factors doesn’t mean that its sentence is “devoid of reason or principle,” id. at ¶ 72, or that the court — in Melton’s words — “failed to rely on ‘sound reasons’” in imposing it. To the contrary, by focusing on the bodily harm resulting from Melton’s conduct, the trial court articulated a clear basis for selecting a sentence at the top end of the statutory range. ¶ 25 Melton nevertheless argues that the court’s rationale for imposing the maximum sentence is improper because it’s grounded upon his stabbing of the victim, the conduct for which a different jury acquitted him. By acquitting him of first degree assault, Melton continues, “the jury necessarily found that the stabbing was a lawful act, having occurred in self-defense.” Consequently, he argues, there was “no reasonable basis for the Court to determine that any alleged kick had resulted in the stab[b]ing and near death of [the victim].” ¶ 26 Even if this argument has some intuitive force, it still doesn’t carry the day. As we have already noted, sentencing courts have extremely broad discretion when choosing a sentence within the 
 13 statutory range. Rice, ¶ 8. That discretion allows the court to consider not only the previously identified factors, but also, “in some circumstances, conduct for which [the defendant] was charged and subsequently acquitted.” People v. Newman, 91 P.3d 369, 372 (Colo. 2004) (first citing United States v. Juarez-Ortega, 866 F.2d 747, 749 (5th Cir. 1989); then citing United States v. Atkins, 480 F.2d 1223, 1224 (9th Cir. 1973)). ¶ 27 In Newman, a defendant was convicted of storing and disposing hazardous waste in violation of the relevant statute. Id. at 370. On appeal, his storage conviction was upheld but his disposal conviction was reversed because the applicable statute of limitations for that offense had run. Id. In sentencing the defendant on remand, the court nonetheless relied on the facts giving rise to the reversed conviction. Id. In a subsequent appeal from that ruling, the supreme court affirmed the court’s sentence. Id. at 374. It determined that the court didn’t abuse its discretion by considering the facts underlying the reversed conviction because the two incidents, while separate, were sufficiently connected to one another and the defendant played a significant role in both. Id. at 373-74. 
 14 ¶ 28 Similarly, in Juarez-Ortega, a defendant challenged his sentence for two counts of distributing cocaine on grounds that the sentencing court improperly considered the fact that he possessed a handgun during the drug offense because the jury had “acquitted him of a substantive count of carrying a firearm during a drug trafficking offense.” 866 F.2d at 748. The Fifth Circuit Court of Appeals rejected this argument. It reasoned that even though the jury determined that the prosecution hadn’t proved all of the elements of the weapons offense, such a determination didn’t preclude the court from considering facts underlying that charge for purposes of sentencing, given that those facts were neither in dispute nor unreliable. Id. at 748-49. ¶ 29 The circumstances in this case are akin to those present in Newman and Juarez-Ortega. Specifically, the facts underlying the charge for which Melton was acquitted are not in dispute. The prosecution presented overwhelming evidence at trial that Melton stabbed the victim, and he didn’t assert otherwise. And while the stabbing occurred immediately after the victim placed Melton in the chokehold, it was still just seconds removed from Melton kicking the victim in the face. This shows that not only were the two acts 
 15 sufficiently connected, but that they were part and parcel of the same altercation. See Newman, 91 P.3d at 374. Thus, while Melton was acquitted of criminal liability for the stabbing in connection with his first degree assault charge, we perceive no abuse of discretion in the court’s consideration of that act in imposing his sentence for the third degree assault that triggered the later events. ¶ 30 “‘Only in truly exceptional situations’ will we substitute our judgment for that of the sentencing court and overturn a sentence.” People v. Tresco, 2019 COA 61, ¶ 31 (quoting People v. Beatty, 80 P.3d 847, 855 (Colo. App. 2003)). For the reasons articulated above, we conclude that this isn’t such a case. III. Disposition ¶ 31 The judgment is affirmed. JUDGE TOW and JUDGE TAUBMAN concur.